## JONES VS. THE STATE.

Where a defendant, indicted for a misdemeanor, punishable by fine only, has been tried and acquitted, and on appeal or writ of error to this Court, the judgment reversed, and the cause remanded, he may be tried again, without any violation of the constitutional provision, "that no person shall for the same offence be twice put in jeopardy of life or limb."

*Appeal from Union Circuit Court.*

The Hon. SHELTON WATSON, Circuit Judge.

CARLTON, for the appellant.

J. J. CLENDENIN, Att'y Gen'l, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellant was indicted for betting at cards, and on trial was acquitted, at the April term, 1852, of the Union Circuit Court. Upon appeal, prosecuted by the State, that judgment was reversed, and the cause remanded to the Court below for further proceedings, to be therein had according to law, and not inconsistent with the opinion of this Court, reported in *The State vs. Quarles*, (13 *Ark.* 307,) made applicable to this and other cases, in which the same question of law was presented. Upon the remanding of the cause, the defendant pleaded that former acquittal, in bar of any further prosecution upon the indictment. To this plea, which will be treated as regular and formal in all its substantial allegations, a demurrer was sustained; and by consent the issue upon the plea of not guilty, being submitted for trial, to the Court sitting as a jury, the defendant was convicted, and a fine of ten dollars assessed against him.

When our former decision was pronounced, reversing and remanding this cause, it was done upon due consideration of the nature and grade of the offence charged, again noticed in *Stewart vs. The State*, (13 *Ark.* 749.) The punishment being a pecuniary matter only, and from which the defendant, though held in custody for its payment, may at any time discharge himself, by applying for the benefit of the laws for the relief of insolvent debtors, (*Digest, title Criminal Proceedings, sec.* 213,) the Court was, and is of opinion, that the statute of 1846, giving to the State the same right as the defendant to appeal, or prosecute her writ of

error, from the judgment of inferior courts, in all criminal cases where the punishment does not involve life or limb, (*Ib. sec.* 240,) is not in conflict with the spirit and meaning of the constitutional provision: "That no person shall, for the same offence, be twice put in jeopardy of life or limb." Such was the decided intimation by this Court, in the case of *The State vs. Graham*, (1 *Ark.* 434,) before the passage of the act referred to, their opinion resting on the general provision of the act of 1838, (*Rev. Stat., ch.* 45, *sec.* 213,) allowing an appeal to the Supreme Court in all cases of final judgment, rendered upon any indictment, and the same distinction taken between felonies and misdemeanors, punishable by fine only. Affirmed.