Steck vs. The State.

STECK VS. THE STATE.

JEOPARDY AND FORMER ACQUITTAL.

   On an indictment for malfeasance in office, where the punishment, on conviction, is simply a fine, jury having been impaneled and sworn, and by reason of the sickness of a witness, and by consent of the parties, they were permitted to disperse under charge from the court, and being called, a part failing to appear, the court discharged the jury and ordered a new panel. On demurrer to pleas of jeopardy and former acquittal by the defendant, *held*, that under sec. 9, art. I, Const. 1868, the defendant was in no way put in jeopardy of his liberty a second time for the same offense, nor did the facts set up constitute an acquittal.

APPEAL from *Jefferson* Criminal Court.

Hon. IRA McL. BARTON, Criminal Judge.

*J. R. Montgomery*, Attorney General, for appellee.

GREGG, J.   At the September term, 1871, the appellant was indicted in the criminal court of Jefferson county for malfeasance in office, under the 19th section of chapter 28 of the acts of 1871.

At the January term, 1872, he filed a demurrer to the indictment, which the court overruled.

On the 11th of September, 1872, a jury was selected and sworn, and, by reason of the sickness of a witness and upon the consent of both parties, the jury, under the charge of the court, was permitted to disperse.   On the 16th of the same month, the case being called and some of the jurors being absent, the court ordered the jury discharged.   To which the appellant excepted, and thereupon filed two special pleas, the first, setting up his arraignment, pleaded the impaneling of the jury and its discharge, and averred that thereby he had been put in jeopardy of his liberty; and to compel him to defend

before another jury would be to put him again in jeopardy for the same offense, and he prayed judgment, etc.

In his second plea he sets up the same facts, and avers that by such action he was acquitted, etc.

The State demurred to these pleas, and the court sustained the demurrer.

A trial was then had before a jury; the appellant excepted to two instructions given for the state, and to the refusal of the court to give two of those asked by himself. He was found guilty, and a fine of five hundred dollars assessed against him; he moved for a new trial; his motion was overruled; he excepted and appealed.

It was shown by records and other evidence that the appellant was the qualified and only acting constable of Vaugine township, from the 23d of May, 1871, until the 1st of July following, and that during that time he, as constable, collected $195 of fines assessed in two justices' courts therein, and that he failed to account for the same, etc.

Without defending against the merits of the case, the appellant made a feeble effort to show that one [Mahar was the legal officer while appellant was acting.

The instructions excepted to were, in effect: 1st. That if the appellant was commissioned and acting as a constable in the township, and in that capacity collected money assessed as fines, etc., and failed to turn the same over to the proper collector of the county, they should find him guilty. The second instruction was in substance the same, but was more specific as to authority, dates, names, amounts, etc.

The two of appellant's instructions refused were, both in substance and effect, that if some one else was legally entitled to the office during the time that appellant acted and received the moneys, they should acquit.

The appellant has failed to bring up all the evidence by

formal bills of exceptions as required by the practice of this court. But, if considered as copied in the record, his instructions refused might well have been held as abstract, and those given were substantially in accordance with the statute.

The first demurrer was properly overruled, the indictment sufficiently charged the appellant, as constable of Vaugine township, with having collected four hundred dollars of fines belonging to the school funds of the county, and that he, as such constable, had unlawfully failed and refused to pay over to the proper officer. The demurrer to his pleas was properly sustained.

The facts set up by him did not constitute an acquittal, and, under this indictment, imprisonment was no part of the punishment. If found guilty, he was only liable to a fine, to be removed from office, and to be disqualified from holding office; hence, in the meaning of our constitution (sec. 9, art. I, Const. 1868), he was in no way put in jeopardy of his liberty a second time for the same offense.

The judgment of the criminal court of Jefferson county is, in all things, affirmed.