## A. Z. T. JOHNSON *v.* THE STATE.

1. PENAL STATUTES. *How construed.*
   Penal statutes must be so construed as not to embrace cases not plainly within their meaning and letter.
2. LIQUOR. *Purchase of gallon by two persons, whether unlawful retailing.*
   A. had been accustomed to sell whisky by the gallon. R. went to him to buy from him as usual. A. said that he was out of whisky, but that he wanted some himself. So R. gave A. fifty cents, and A. added the additional money necessary, and went over to H. and bought one gallon, and returned and gave R. one pint, a quantity in proportion to the money furnished by R. *Held,* that this was not a violation of law forbidding the sale of whisky in a less quantity than one gallon without a special license, as it was a joint purchase, not a sale by A. to R.
3. SAME. *Purchase by agent. Who guilty of retailing.*
   And if R. had given A. money to buy for him (R.) less than a gallon of whisky, and A. had bought and delivered the whisky to R. in good faith, A. being but the agent of R., the buyer, would not have been guilty of violating the law, the seller alone being the guilty party.

APPEAL from the Circuit Court of Tippah County.

HON. W. S. FEATHERSTON, Judge.

Some time in December, 1884, Robert Jackson went to the appellant, A. Z. T. Johnson, to buy some whisky. Johnson had been selling whisky by the gallon. Johnson said he was out of whisky, but wanted some himself, and would go in with Jackson and they would buy a gallon jointly. Jackson gave Johnson fifty

cents and he went out and bought a gallon, and then came back and divided with Jackson, giving him a pint, which Johnson said was Jackson's proportion. The grand jury indicted Johnson for selling whisky in a less quantity than one gallon, and he was convicted. On the trial the court gave the following instruction for the State : " Although the jury may believe from the evidence that defendant went out and bought a gallon of whisky, and let Robert Jackson have one pint of it, and that Johnson told Jackson when he took his money that he would go in with him and get a gallon, and let him have the pint for his half dollar, yet this would be a subterfuge and an evasion, and the defendant is still liable to the penalties imposed by law for retailing, and the jury should find the defendant guilty as charged in the indictment."

The court refused to give the following instruction for the defendant : " The court charges the jury for the defendant, that if Robert Jackson paid him the fifty cents before the whisky was purchased for the express purpose of buying the pint which Jackson received, and that Johnson simply carried it over to his place of business, and delivered it to Jackson, then he did not violate the law, and they will find him not guilty." The defendant appealed.

*N. L. Marmon*, for the appellant.

1. The instruction for the State is erroneous, because it sets up a statement of facts not sworn to by any witness, and because it tells the jury that it is a " subterfuge and evasion " of the liquor law for two persons to put their money together and buy a gallon of whisky, and that the party who takes the money and buys the whisky is guilty of retailing. I think it impossible for such a construction to be reasonably placed upon § 1112, Code 1880, the section under which defendant was indicted.

2. It was error to refuse the charge asked by defendant in the court below. If the jury had been disposed to believe Johnson's statement, he is deprived of the benefit it might have been to him by the refusal of the court to give the charge asked calling attention to it. The charge, I think, announces a correct proposition-of law, and there is testimony to show that the facts upon which it is based did exist. The jury should have been left free

to believe either of the witnesses sworn, untrammeled by the first charge of the court for the State.

*T. M. Miller,* Attorney General, for the State.

Do the facts of this case establish a sale of liquor by the appellant? At the first blush it seems not, and I confess to some uncertainty in the premises, but submit to the court this view: when Jackson gave defendant the money to buy less than a gallon from a gallon dealer he and defendant assumed to create an agency which was illegal and void. The agency being illegal, the purpose being to buy at retail from an unlicensed person, it could not be said that Johnson was buying as agent. He would simply *owe* the amount received by him from Jackson. He would thus figure as principal in the purchase, and when he delivered any part of the liquor to Jackson, instead of returning the money, it was a *payment* in that manner of what was due. It is not material that no profit was made. It is, nevertheless, a sale, though a man deliver property in payment of a debt.

ARNOLD, J., delivered the opinion of the court.

The first instruction for the State should not have been given. The instruction asked by the appellant should not have been refused. Penal statutes cannot properly be so construed as to embrace cases not plainly within their meaning or letter. If appellant and Jackson united their means and bought a gallon of whisky which was afterward divided between them in proportion to what each advanced for the purpose, it constituted no violation of law. It was not a sale by either to the other, but a purchase by them, and a division between them of the fruits of a joint and lawful investment.

And the legal aspect of the transaction would not be changed, if, as assumed in the instruction asked by appellant, Jackson had given appellant money to buy for him, Jackson, less than a gallon of whisky, which was afterward bought and delivered to him in good faith by appellant. In such case appellant would have been but the agent of Jackson, and the person who sold the liquor, and not the one who bought it, would have violated the law.

These conclusions accord with those reached by the Supreme Court of Alabama in *Young* v. *The State*, 58 Ala. 358, a case similar in many respects to the one at bar.

*Reversed.*