## FOSTER v. STATE.

1.  LIQUOR: *Purchaser for minor liable as seller.*
    Where a party, with the money of a minor, purchases liquor for him, he is not only an agent of the minor for the purchase, which is not punishable, but he is

also an aider and procurer of the sale, and therefore punishable as a principal in violating the statute inhibiting sales to minors. In misdemeanors all persons who procure, participate in, or assent to the commission of a crime, are regarded as principals and indictable as such.

APPEAL from *Hot Springs* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Hugh McCallum* for Appellant.

To convict on this charge the proof must sustain the allegations.

*Gantt's Digest, Section 1609*, is in part as follows:

"If any person shall sell to or *buy for* any minor, intoxicating spirits of any kind, without," etc.

Under this section the defendant would, from the evidence, be guilty beyond a doubt.

This section was repealed by implication by *Act of March 8, 1879, Sec. 19. Redmond v. State, 36 Ark., 60.*

The defendant was indicted under said last named act. *Mansfield's Digest, Section 1878.* It is in part as follows:

"Any person who shall sell, either by himself, or another, or be interested in the sale of any ardent, malt, vinous or fermented liquors," etc., "to any minor, without the written consent or order," etc.

The evidence is clear that defendant bought the whisky at Peyton & Taylor's saloon as a matter of favor to Ward. (*Trans., pp. 16–17.*)

He was not salesman in that saloon. He was not interested in the sale. Defendant had no whisky at that saloon to sell. He simply gave his time and trouble without any reward or remuneration.

*Looney v. State, 43 Ark., 390,* has no application here, for in that case it was a complete sale of *turpentine,* a name used by the painters for *whisky* in fact.

The true intent of the legislature in passing the *Act of 8th of March, 1879, Sec. 19,* is found in the fact that the act left out of it the words, "buy for." To convict under the act there must be a *sale.*

It is a rule founded alike on humanity and public policy, designed for the protection of the citizen, and never to be departed from, that penal statutes must be strictly construed. *Hughs v. State, 6 Ark., 131.*

A sale of a chattel is an exchange thereof for money. *1 Pars. on Cont., p. 522.*

The defendant could not exchange Peyton & Taylor's whisky for money. He did not own any of it. He received nothing from Ward for himself. He could not sell it.

The instruction given by the court assumes that defendant *sold* the whisky to Ward. The evidence is clear it was not a sale.

It assumes also that defendant knew Ward was a minor. There is no evidence to sustain this. The instruction is erroneous.

The instruction asked by the defendant and refused by the court is clearly the law; and it is fully sustained by the evidence. It was error to refuse it.

The verdict is against the law and the evidence.

The language of said act, *Mansfield's Digest, Section 1878,* is so plain it needs no construction. If it were not so, I have shown that the intent was to hold criminally, only when there was a *sale,* which is a term well understood in law.

*Dan W. Jones*, Attorney General, for the State.

It was immaterial whether appellant knew that Ward was a minor. *Redmond v. State, 36 Ark., 58; Crampton v. State, 37 Ib., 108; Edgar v. State, Ib., 219; Pounders v. State, Ib., 399.*

But the appellant virtually admits that he knew that said Ward was not of age, and that he bought for him as a matter of favor, (*Trans., 16.*) By this means he became an accessory before the fact to the commission of an offense, which, being a misdemeanor, makes him a principal. *Hubbard v. State, 10 Ark., 378; Sanders v. State, 18 Ark,, 198.*

At best his act was merely a subterfuge to violate the law, and cannot excuse him.

COCKRILL, C. J. The appellant was indicted for *selling* liquor to a minor and was convicted. The proof was that the minor, not wishing to involve the whisky sellers in trouble by making a purchase directly from any of them, gave the appellant, whom he met on the street in the town of Malvern, fifty cents and requested him to go and purchase whisky for him. He took the money, purchased the liquor for the minor with it at a saloon in which he was not employed or interested, returned and delivered it to the minor. The appellant was an old acquaintance of the minor, and was himself an employe in a saloon.

The court refused to charge the jury as follows:

"If the jury believe from the evidence that Ward, the minor, gave the defendant fifty cents and requested him to buy its worth of whisky, and that defendant took the money and went to Taylor & Peyton's saloon, it not being the saloon at which the defendant was a salesman, and purchased the whisky and gave it to Ward, it is not such a sale as is contemplated by the statute, and the jury will find for defendant."

It is apparent that the real seller of the liquor in this case was the dealer of whom the whisky was bought. The minor was the purchaser, and the appellant was his agent to make the purchase. The appellant was not the actor in making the sale to the minor, and to this extent he is not within the words of the statute, which inhibits the sale of liquor to minors. *Mansf. Rev. St., Sec. 1878; Young v. State, 58 Ala., 358.*

The statute makes no mention of persons who aid, abet or procure the sale of liquor to minors, but the rule of construction requires that the common law be taken into account in ascertaining the meaning of the act. *State v. Pierson, 44 Ark., 265.*

. The rule of the common law is that all persons concerned in the commission of a crime, less than a felony, if guilty at all, are principals. *4 Black. Com., 36; Hubbard v. State, 10 Ark., 378; Sanders v. State, 18 Ib., 198; Freel v. State, 21 Ib., 219.*

*Hubbard v. State, sup.,* was a case of an indictment against one for trespass on the Sixteenth section lands, a statutory offense. There was no evidence that the person indicted had ever been upon the lands, but the acts of his slave, done under such circumstances as warranted the inference that they were done by his command or procurement, were held to be sufficient to establish his guilt.

In *Sanders' case, sup.,* a conviction was upheld upon proof that a public highway had been obstructed, not by the defendant in person, but by another who was not indicted, the court, through English, Ch. J., saying: "It was not necessary for the defendant to have felled the timber across the road himself, or for it to have been done by his immediate direction, to make him responsible for the offense. In misdemeanors all persons, who procure, participate in, or assent to the commission of a crime, are regarded as principals, and are indicted as such."

This was the rule applicable to statutory offenses, prior to the enactment of the prohibitory liquor law, and one may incur

the guilt of a principal in this, as in other misdemeanors, by aiding in or procuring the violation of the law. *Walton v. State, 62 Ala., 197; State v. Monson, 25 Ohio St., 381; State v. Rand, 51 N. H., 361; Johnson v. People, 83 Ill., 431; Bish. St. Cr., Sec. 1029.*

The buyer of liquor, however, is guilty of no offense under this act, although he aids in and procures the making of the sale. The statute has marked the seller as the only criminal. "In cases of *mala prohibita*, the fact that the penalty is imposed on only one of two parties whose concurrence is requisite to the commission of the offense, and that the statute was made for the protection of the other party, who is generally regarded as the less culpable of the two, has repeatedly been considered good ground for giving the statute a construction exempting the party not named from criminal liability." *State v. Rand, supra.* See too, *1 Bish. Cr. Law, Sec. 657 and note 4; Harney v. State, 8 Lea, Tenn., 113.*

As the minor was guilty of no offense the appellant cannot be punished for his complicity in the minor's act of purchase. If he had done nothing more than counsel and advise the minor in getting the whisky, he would not have violated the terms of the statute and could not be held to criminal responsibility. One cannot be punished for violating only the spirit of a penal law. But he has done more. He aided and abetted the liquor-seller, and procured him to make the sale to the minor. This is the offense the statute is aimed at. The essence of the offense is a sale to a minor.

If the transaction showed a sale of liquor to the appellant and a subsequent gift of it by him to the minor, no offense would have been committed, because there would have been no sale to the minor, and *giving* liquor to a minor is not inhibited by the statute. That was the case in *Ward v. State, ante,* where it was held that a dealer, who sold liquor to one treating a minor, could not be convicted of selling to a minor. But the

court is careful to say in that case that there was nothing to indicate that the person, who treated the minor, acted as his agent in the transaction. If he had acted as the minor's agent and the liquor-dealer had been apprised of that fact, the latter would have been guilty of selling to the minor, *Young v. State, 58 Ala., sup.; Seigel v. People, 106 Ill., 89,* and the agent would have been guilty as an aider and procurer of the sale.

The fact that the minor was absent when the sale was effected cannot alter the case. One may buy through an agent, and when there is no question of agency, although the dealing is with and the delivery to the agent, in legal effect the sale is to the principal. It is true that when the agency is undisclosed the seller may treat the transaction as a sale to the agent, and the agent will be estopped from showing for his benefit a state of facts different from what he has made to appear in the transaction. The principal, in such case, is still bound as such, however, if the agent acted within his authority, and as between agent and principal, the principal is always the contractor and purchaser. *Seigel v. People, 106 Ill., sup.; Wharton Agency, 496, 431; 2 Kent's Com., *631; Winchester v. Howard, 97 Mass., 303; Caldwell v. Mesherd, 44 Ark., 564.*

That the state, in a criminal prosecution, can elect to treat it as a sale to the principal, instead of a sale to the agent who actually procured the liquor, is sustained by adjudicated cases. See *Com. v. McGuire, 11 Gray, 460; Com. v. Very, 12 Ib., 124; Com. v. Latinville, 120 Mass., 385.*

Taylor & Peyton's guilt is immaterial. The guilt or innocence of the actor or principal in the first degree, even in felonies, does not affect the guilt of the principal in the second degree, to make use of a common law term, *Mansf. Rev. St., Sec. 1511,* and it is immaterial whether the person who was the chief actor in making the sale might or might not have been convicted. "However men combine, each one is criminally responsible for what he personally does,

. . . for the whole of what he assists others in doing, and for all that the others do through his procurement." *Bish. St. Cr., Sec. 1024.* The appellant had the evil design of procuring a sale of liquor to a minor, and his act directly and immediately led to the commission of the offense. This made him a principal in the offense.

The instruction asked by the appellant would have authorized his acquittal, if he did not sell, although he may have aided and abetted and procured the sale to be made, and was properly refused.

The court's charge to the jury was not inconsistent with the views here expressed. and the judgment is affirmed.