## HUNTER *v.* STATE.

### Opinion delivered March 9th, 1895.

*Intoxicating liquors—Sale without license.*

> Where one, wishing to buy a smaller quantity of liquor than five gallons from a distiller who was not authorized to sell less than that quantity, procured from others authority to purchase for each of them a small quantity until the amount of five gallons was made up, and then purchased that amount from the distiller, and distributed it among them according to the quantity he was authorized to buy for each of them, he thereby procured a sale to such persons in severalty in quantities less than five gallons, contrary to law, and is guilty of selling liquor without license, according to *Foster* v. *State*, 45 Ark. 361.

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

#### STATEMENT BY THE COURT.

The defendant, John Hunter, was indicted, tried and convicted in the Franklin circuit court, Ozark dis-

trict, for "selling liquor without license," and appeals to this court.

There are what purport to be two bills of exception in the case, one certified by the circuit judge and the other by bystanders. But for the purposes of this decision there is no very great difference between them. The substantial facts are that the defendant desired to purchase a less quantity of whisky than the distiller from whom he wished to buy was authorized to sell. He therefore went among his neighbors to solicit them to go in with him to make up a "keg" of five gallons— the least quantity the distiller could sell—taking their names and the amounts they respectively agreed to take, and the amount of money each was required to pay, at the rate of two dollars per gallon ; and when the aggregate amount of all was five gallons, he went to the distiller, purchased a five-gallon "keg," had him to carry it to an "old storehouse" in Mulberry, where, according to a previous understanding, he and all the subscribers were to be present for distribution, and perhaps payment. The evidence shows that defendant put a faucet in the keg when it arrived at the old storehouse, and then proceeded to draw off each one's share as he presented himself, and in this way the whisky was delivered to each of the subscribers. It does not affirmatively appear that defendant had any other interest in the whisky, or the sale thereof, than is suggested by the arrangement to procure it, which is set forth in the foregoing statement, or that he was acting for the distiller expressly.

*J. V. Bourland* for appellant.

1. The facts in this case do not warrant a conviction. Appellant neither aided, abetted nor assisted the seller. 55 Ark. 190. But if he had, the State must show that the distiller had no license. 51 Ark. 550.

2. To be guilty, appellant must have been on the side of the seller, either (1) directly, by being immediate seller, or (2) indirectly, by aiding, assisting or abetting the seller, or (3) by some trick or device, whereby he endeavors to evade the law, and yet is not a *bona fide* buyer. 43 Ark. 413. If there was a scheme, it was a scheme merely of a buyer.

3. The word "sale" is one of precise legal import. 8 How. (U. S.) 544. The purchasers were joint tenants. The law restricting joint tenancies in personal property does not apply to whisky. 2 Kent, Com. (12 ed.) *350; *Ib*. note *g*; 1 Wash. Real Pr. (4 ed.) *411.

4. Criminal laws are construed strictly, and there is no law in this State making it a crime to *purchase* whisky; only the *sale* is inhibited.

*E. B Kinsworthy*, Attorney General, for appellee.

BUNN, C. J., (after stating the facts). It was settled by this court, in the case of *Foster* v. *State*, 45 Ark. 361, that "when a party, with the money of a minor, purchases liquor for him, he is not only an agent of the minor for the purchase, which is not punishable, but he is also an aider and procurer of the sale, and therefore punishable as a principal in violating the statute inhibiting sales to minors. In misdemeanors, all persons who procure, participate in, or assent to the commission of a crime are regarded as principals, and indictable as such." It was contended by defendant's counsel in that case that defendant was the purchaser of the whisky, and not the seller; and that, since the act of buying liquor is not prohibited or punishable, he had not violated the law. It was also contended that defendant bought the whisky as a matter of favor to the minor; and also, as in this case, that defendant was not in any wise interested in the sale of the whisky, and that he simply gave his time and trouble without any regard or remuneration.

The offense in that case was selling liquor to a minor.
There can be no doubt that the law's inhibition had
been overridden.   It was shown that the owner of
the whisky was ignorant that the whisky he sold to
defendant was really intended for another person, and
he a minor ; and the proof further showed that the very
reason the minor procured the defendant to buy the
whisky for him was to shield the saloon keeper from
any trouble growing out of the transaction.   The igno-
rance of the saloon keeper of the facts had, doubtless, the
effect of relieving him from prosecution.   But the de-
fendant had aided and abetted in what the law denounced
as, and declared to be, a crime, namely, "selling liquor
to a minor."   That being a misdemeanor, defendant,
who had thus aided in its commission, was held to be a
principal, and accordingly his conviction was sustained.
The gravamen of the defense was, in fact, that
there was no crime committed, because no one knowing
the facts had, in truth, sold liquor to the minor.   The
ruling of the court was otherwise, however, and that,
not only was there a crime committed, but he who made
himself a necessary instrument, through whom the minor
had bought the liquor, was the guilty party.   In other
words, the evil thus entailed upon society could not thus
be made to fail of the law's apprehension and correction
by any sort of manipulation or legerdemain to deprive
it of an apparent author, or to mystify the real responsi-
bility for it.

It is alleged, in effect, in the case at bar that there
has also been a violation of the law—a crime committed
—in this, that one Dock Cox and others, each and every
one of them, became the purchasers of a quantity of
whisky less than five gallons, procured from the distiller
through the instrumentality of the defendant, neither
one having authority to sell to said Cox and the others,
or to any one of them, said quantity of whisky.   As

in the case of *Foster* v. *State*, *supra*, the defense in this case is that there was really no selling of liquor without a license ; that defendant, on the contrary, was a buyer for himself and others, and not a seller, and that he had purchased five gallons from the distiller—a quantity he had a lawful right to sell him (the defendant); that, in fact, there was no violation of the law in the transaction. Defendant also showed that he had no interest in the whisky other than is shown in the evidence, and that he was not the agent or the employee of the distiller.

Except a difference between the two acts constituting the alleged violations of the law, the facts in this case do not appear to be materially different from those involved in the Foster case, above cited ; and to our minds the principle governing each of the two cases is the same. The alleged offense in the one case was selling liquor to a minor, and in the other case was selling liquor without license ; the owner of the liquor in each case being ignorant, or presumably so, of the final disposition of the same. In the Foster case the defendant was held liable because he had aided the owner in committing the crime, although, as to the owner, it might not have been a crime, because of his ignorance of the design to sell to the minor. Now, since all aiders and abettors in misdemeanors are to be regarded as principals, Foster was held to be such, and was held punishable as the direct seller would have been.

The remaining inquiry is, whether or not the sale of the whisky in the manner set forth in evidence was in fact in violation of the statute, as constituting a sale in less quantities than five gallons. Unless this sale would have been a violation of the statute on the part of the distiller, had he been cognizant of all the facts, and knowingly participated in it, there does not seem to be any reason why the defendant should be held liable ; for

his offense, after all, is the aiding and abetting the distiller to sell in violation of the law, and thereby becoming himself a principal offender.

The distiller, having the privilege of selling not less than five gallons to one individual at one time, and that five gallons to be in an original package, is unable to find a purchaser for such a large quantity. He, therefore, with the aid of a co-adjutor, procures subscriptions from a number of persons each to purchase a less quantity than the five gallons—in fact, the aggregate quantity purchased by all to be the five gallons—and the aggregate sum contributed by all to be deposited with the "go-between," to be paid for the package, and then the same to be subsequently divided among the several purchasers, as their several subscriptions call for. The State, in effect, contends that this kind of a transaction would be a violation of the law, as being a mere device to avoid its penalties; and we think her contention is sound. To hold otherwise, in our opinion, would be but creating a means by which the prohibition against the seller would be rendered of non-effect, and a mere dead letter on the statute books. It would enable persons most easily to cheat the law, deprive the government of her lawful revenues, and even infringe upon the privileges of those who have lawfully procured licenses to sell in quantities less than five gallons.

If this would be true of the owner knowingly dealing in this manner, under the rule in the Foster case, the defendant is made liable; for it matters nothing that the owner is really guilty or not, for in that case this court said: " Taylor & Peyton's (saloon keepers) guilt is immaterial. The guilt or innocence of the actor or principal in the first degree, even in felonies, does not affect the guilt of the principal in the second degree, to make use of a common law term, and it is immaterial whether the person who was the chief actor in making

the sale might or might not have been convicted. However men combine, each one is criminally responsible for what he personally does, for the whole of what he assists others in doing, and for all that the others do through his procurement." Quoting further, but changing the language, to suit the facts of the case: The appellant had the evil design of procuring a sale of liquor to each of several persons, in a less quantity than five gallons—a sale the owner had no lawful right to make, and his disclaimer of all profits in the transaction only goes to add the greater weight of truth to the theory we apply to the facts of this case.

It is said by appellant's counsel, in argument, that "any personal property may be purchased and held by the purchasers as tenants in common." But a tenancy in common is not created by several purchases of distinct and specific portions of the common property, for it is said: "Tenants in common are generally defined to be such as hold the same land together by several and distinct titles, but by unity of possession, because none knows his own severalty, and therefore all occupy promiscuously." Black's Law Dictionary. The purchases in this case were not like the purchases made by the servant or employee of a club, or partnership, or other persons acting in a body as one person, for in such case each does not buy a specific quantity, but the body buys, and each member of the body has an interest in, not any particular part or portion of the whole, but every drop and particle—something after the manner of a tenancy in common.

Apparently a different doctrine prevails in Alabama and Mississippi. In *Johnson* v. *State*, 63 Miss. 228, it was held that where two put their money together, and purchased a gallon of whisky—that being the least quantity the owner was privileged to sell—there was no violation of the law. This decision was based on two

grounds—one that "penal statutes must be so construed as not to embrace cases not plainly within their meaning and letter;" and the other that the facts did not show a sale from the one to the other, but that both were buyers, and not sellers.  The case of *Foster* v. *State*, *supra*, directly controverts both these grounds.  It is the spirit, and not the letter, of the law we are called upon to administer in these cases ; and one may be the buyer or the agent of the buyer, and yet be an aider and abettor in the sale, as has been said, and as is said in the Foster case.  The same may be said of the case of *Young* v. *State*, 58 Ala. 358.

Since the court below instructed the jury in accordance with the theory here held, and refused to instruct on the opposite theory, as asked by defendant, the rulings were correct, and the case is affirmed.

Battle and Wood, JJ., concur.

Hughes, J. (dissenting).  It appears from the evidence in this case that the appellant, desiring to purchase some whisky from a distillery, and not desiring to buy as much as five gallons, which was the least amount the distillery could sell, without license, without a violation of law, solicited several persons to join him in the purchase of five gallons of whisky of the distillery, received from each of them money to buy, in conjunction with the others and himself, such part of the five gallons as each of them wanted, and with the money thus contributed bought of the distillery five gallons of whisky, which they divided between them, according to the amount of money each had contributed. It does not appear from the evidence that the defendant had any interest in the whisky sold by the distillery, that he was the agent of the distillery, or that he received any money for the whisky purchased, save

as agent of those who joined him in the purchase, and that what he received he paid over as agent for those interested with him in the purchase, with what he contributed.

Whether the purchase of whisky without license should be made a misdemeanor under penalty, as the sale of it without license is, it is not the province of the court to determine. It is very certain it has not been done in this State, and no court can so construe the statute as to make a purchase of whisky by one person, or two or more persons jointly, a criminal offense.

The idea that a purchase is, or can be construed to be, a sale seems to me contrary to reason, and the spirit and intent as well as the letter of the law. Courts can administer the law only as it is decreed by the legislature; and, while it is the policy of our legislation to restrict the liquor traffic, the courts can go no further than the legislature has gone. It seems clear beyond question that in this case there was no sale by the defendant, and that he purchased the five gallons of whisky for himself, and as the agent of others who joined him in the purchase; that the purchase was a joint purchase, out of which the defendant made no profit, and in which he had no interest, save, as stated, to the extent of his contribution to buy jointly with others. It seems that to hold this transaction to be a sale by the defendant would be to violate elementary principles of law, and the plainest principles of reason.

In Alabama there was a statute prohibiting the sale or giving away of liquor to persons of known intemperate habits, whether the giver or seller had license or not. In *Young* v. *State*, 58 Ala. 358, upon an indictment for a violation of this statute, the proof showed that the defendant received a dollar from B., whom he knew to be a person of intemperate habits, under B.'s promise that the defendant should have any surplus of

the money, went and purchased of a liquor dealer a bottle of whisky, and delivered it to B. It was held that this was neither a selling nor giving of liquor to B. by defendant, and was not within the terms or contemplation of the statute. The court said: "One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby, merely because the act contravenes the policy of the statute. * * * The real seller was the dealer in liquors of whom the whisky was bought. And the defendant, in getting it, was but the agent of Blackwood, the purchaser."

In *Johnson* v. *State*, 63 Miss. 228, Robert Jackson went to appellant, Johnson, to buy some whisky. Johnson had been selling whisky by the gallon, but was out of whisky, and wanted some himself, and said he would go in with Jackson, and they would buy a gallon jointly. Jackson gave Johnson fifty cents, and Johnson went out, bought a gallon, came back, and divided with Jackson, giving him a pint, which he said was Jackson's portion. The grand jury indicted Johnson for selling whisky in a less quantity than one gallon, and he was convicted. On the trial the court gave the following instruction for the State: "Although the jury may believe from the evidence that defendant went out, and bought a gallon of whisky, and let Robert Jackson have one pint of it, and that Johnson told Jackson, when he took his money, that he would go in with him, and get a gallon, and let him have a pint for his half dollar, yet this would be a subterfuge and an evasion, and the defendant is still liable to the penalties imposed by law for retailing; and they should find the defendant guilty as charged in the indictment." And in that case the court refused to give the following instruction for the defendant: "The court charges the jury, for the de-

fendant, that if Robert Jackson paid him the fifty cents before the whisky was purchased, for the express purpose of buying the pint which Jackson received, and that Johnson simply carried it over to his place of business, and delivered it to Jackson, then he did not violate the law, and they will find him not guilty." The court held that the instruction for the State should not have been given, and that the instruction asked for by the defendant should not have been refused, and said: "It was not a sale by either to the other, but a purchase by them, and a division between them of the fruits of a joint and lawful investment. And the legal aspect of the transaction would not be changed if, as assumed in the instruction asked by the appellant, Jackson had given appellant money to buy for him (Jackson) less than a gallon of whisky, which was afterwards bought and delivered to him in good faith by appellant. In such case appellant would have been but the agent of Jackson, and the person who sold the liquor, and not the one who bought it, would have violated the law." In the case of *Foster* v. *State*, 45 Ark. 361, the person who bought the whisky for the minor knew that it was unlawful for the saloon keeper to sell to the minor, but procured him to do so, contrary to the statute, and was an accessory, and properly held guilty as a principal, as accessories in misdemeanors are principals. But there is a clear distinction between that case and the one at bar.

The court erred in its instruction to the jury, and the judgment should be reversed for this error, and the cause remanded for a new trial.

RIDDICK, J. (dissenting). I concur in the dissenting opinion of Mr. Justice Hughes, for it seems to me that the opinion of the court is not supported by either the reason or the letter of the law. *Foster* v. *State*, 45

Ark. 362, cited by the court, does not support its decision in this case. In that case a person who purchased liquor for a minor was convicted of selling liquor to a minor. Speaking for myself, I have always doubted the correctness of that decision; for, as was said by the Supreme Court of Alabama in a similar case, the defendant only aided the minor in making the purchase, and he cannot be more guilty than the principal for whom he acted. *Bryant* v. *State*, 82 Ala. 52; *Campbell* v. *State*, 79 Ala. 271.

Had the minor purchased, he would not have been guilty, and, on principle, it would seem that neither would the agent who purchased for him be guilty. But, whether that case be correct or not, the distinction between it and the one here is broad. Had the liquor-dealer in that case sold direct to the minor, or had he known that he was selling to an agent for a minor, he would have been guilty of violating the law; but in this case the distiller had the right to sell in five-gallon packages to joint as well as to single purchasers. The statute says he may sell in original packages of not less than five gallons, and there is nothing to forbid him from selling a five-gallon package to as many persons as wish to purchase it jointly. The opinion of the court concedes this, as it admits the right of sale to a club composed presumably of more than one person. Now, if the distiller committed no crime in selling to several persons who purchased jointly, and the purchaser had the right to make a joint purchase, on what theory can the conviction of the defendant, who was only a purchaser, be sustained? The court seems to base its opinion on the fact that he solicited the other purchasers to join with him in the purchase, and afterwards divided the whisky between them in proportion to their interests. But, if parties may lawfully make a joint purchase, it cannot be unlawful, in the absence of any statute forbidding it,

for one to solicit others to join with him in such a purchase, provided, of course, he does not act for the seller, and has no interest in the sale other than as a purchaser. If they have the right to make a joint purchase, what law forbids them to divide it? The court admits that the agent of a club may purchase liquor of a distiller in five-gallon packages, for the use of the club, without making either himself or the distiller liable to a fine. As, in such a case, the whisky would be bought to be divided among the members of the club, how can this admission be consistent with the decision here, for what difference can it make, in law, whether the whisky is divided by the joint purchasers at the elegant quarters of a club by the glass, or at a vacant store house by the pint bottle?

"So far as we have been able to discover," says Mr. Black in his work on Intoxicating Liquors, "there is but a single reported decision in which it has been held that the purchaser of liquor, which is sold in violation of law, is guilty of an offense against the statute." The case he referred to (*State* v. *Bonner*, 2 Head, 135) was afterwards overruled by the same court. *Harney* v. *State*, 8 Lea, 113. The reasoning of the court in *State* v. *Bonner*, by which it held that under a statute making it unlawful to sell liquor the person who bought was also guilty, was that the purchaser was as much to blame as the seller, and that the express prohibition to sell must be considered as implying a prohibition to purchase. This reasoning was disapproved in the later case of *Harney* v. *State*, 8 Lea, 113, the court holding that the offense was only *mala prohibita*, not *mala in se*, and the presumption should be that if the legislature had intended to forbid the purchase, as well as the sale, of intoxicating liquor, they would have said so. But the facts in the case here are not so strong against the defendant as in the case of *State* v. *Bonner*, which was overruled;

for it seems to me that in this case the court has sustained a conviction when, under the statute, neither the seller nor the buyer was guilty.

The decision violates the ancient rule that criminal statutes should be strictly construed in favor of the defendant. Such statutes should be construed according to their plain, untechnical meaning, to the end that persons may not be entrapped into the commission of crimes of which the language of the statute gave them no warning. The evil of defendant's conduct may be very apparent, but the legislature should furnish the statute forbidding it before the punishment is applied by the courts. As we have no statute forbidding the purchase of intoxicating liquor, I think that the court should have instructed the jury that if defendant acted only for the purchasers, and had no interest in the sale except as a purchaser, he should be acquitted.