STRONG *v*. STATE.

Opinion delivered November 30, 1908.

1. CRIMINAL LAW—ACCESSORIES IN MISDEMEANORS.—All persons concerned in the commission of crime less than a felony, if guilty at all, are regarded as principals. (Page 242.)

2. LIQUORS—PROCURING SALE FROM DISTILLER.—Where a person, desiring to buy a smaller quantity of liquor than five gallons from a distiller who was not authorized to sell less than that quantity, procured authority from several others to purchase for each of them a small quantity until the amount of five gallons was made up, and then purchased that amount from the distiller and distributed it among them as ordered, he is guilty of selling liquor unlawfully, whether the distiller was liable or not. *Hunter* v. *State*, 60 Ark. 312, followed (Page 242.)

Appeal from Independence Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*Dene H. Coleman* and *McCaleb & Reeder,* for appellant.

One who assists another in procuring liquor, or acts as his messenger in procuring same, notwithstanding both money and liquor may pass through his hands, provided he has no interest in the liquor or price, and acted as agent of the buyer and not of the seller, is not guilty of selling, or being interested in the sale of liquor. 23 Cyc. 182; 37 Am. St. 406; 57 S. E. 371; 68 Ark. 468; 72 *Id.* 14; 51 *Id.* 550; 82 *Id.* 488.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

In misdemeanors all who procure, participate in or assent to the commission of a crime are principals. 45 Ark. 361; 60 *Id.* 312. No trick, device, subterfuge or pretense can evade or defeat the policy of the liquor laws, if liquor be thereby procured, where it is unlawful to sell or give it away. 43 Ark. 389.

HILL, C. J. The prosecuting attorney filed information against Strong in Independence County, charging him with an unlawful sale of liquor in prohibited territory. He was convicted, and has appealed; and the only question presented is as to the sufficiency of the evidence to sustain the conviction. The prosecuting witness, Matheny, desired to purchase some whisky, and went in search of parties to make up a subscription for the purchase of a keg of whisky, and was referred to Strong. He went to Strong, and told him that he wanted a quart of Old Standard whisky; Strong said that he wanted a gallon, and said that he would get up a subscription to purchase a keg. Matheny headed the subscription list, and put down his initials and opposite them marked seventy cents, which money he delivered to or left with Strong. Other parties joined in the subscription until a sufficient amount was raised to buy a keg of whisky, which was then purchased from one Earnheart, presumably a manufacturer of liquor, although the evidence does not show that fact definitely. Strong told Matheny where the whisky would be delivered, and Matheny went to that point and drew his share from the keg. The other subscribers were present for like purpose. It was delivered at a spring near the town of Batesville,

and the keg carried back to Earnheart's. The evidence showed that Earnheart habitually paid fifty cents for returned kegs. Matheny does not know who actually purchased the whisky or who carried it to the place where Strong told him it would be. This brand of whisky was sold at $2.80 per gallon, and it required $14 to purchase a five-gallon keg of it, which was the quantity purchased in the keg from Earnheart.

"The rule of the common law is that all persons concerned in the commission of a crime, less than a felony, if guilty at all, are principals." *Foster* v. *State,* 45 Ark. 361, and cases there cited. The same rule prevails under sections 1560, 1561 of Kirby's Digest. See cases cited in the annotations to those sections.

It is immaterial in such cases as this whether the seller of the liquor—the principal in the first degree—might or might not be convicted; for that does not affect the guilt of the principal in the second degree. *Foster* v. *State,* 45 Ark. 361. The question is, whether this evidence established that the accessory was guilty of procuring a sale of liquor in violation of the liquor laws of the State.

This evidence discloses a combination of persons subscribing for the common purchase of a quantity of liquor which the dealer, if a manufacturer, might have lawfully sold in an original package of not less than five gallons, but, if not a manufacturer, which he could not lawfully sell in this prohibited district. This combination made it a sale to various individuals, in quantities which they could not in any event lawfully purchase. The evidence shows that Strong was one of the procuring causes of this violation of the law, and he is therefore an accessory, or principal in the second degree, which, under the statute, renders him liable to be indicted and convicted as a principal in the first degree. The principles involved are fully discussed in *Foster* v. *State,* 45 Ark. 361, and *Hunter* v. *State,* 60 Ark. 312.

While there is a conflict in the authorities upon this subject, this court has, after full consideration in the Hunter case, *supra,* adopted the principle that such sales as the one at bar render the participating parties guilty; and it is not proper to reopen the subject. The law is thus written; let it be thus enforced.

Judgment affirmed.