## FENIX *v.* STATE.

### Opinion delivered May 31, 1909.

1. CRIMINAL LAW—GRANTING STATE NEW TRIAL IN MISDEMEANOR.—Where a verdict of acquittal is rendered in a prosecution for the first offense of selling liquor, the trial court may for good cause grant the State a new trial, as the punishment is by fine merely, although conviction of a second offense may call for imprisonment. (Page 591.)

2. LIQUORS—UNLAWFUL SALE.—One who buys liquor for himself and others from a person not authorized to sell same is not guilty of selling liquors unlawfully. (Page 591.)

Appeal from Boone Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*W. F. Pace* and *Troy Pace,* for appellant.

1. The court erred in setting aside the verdict of the jury. No person shall be twice put in jeopardy. Const., art. 11, § 8. Nor can a judgment of acquittal of an offense the punishment of which is imprisonment be reversed. Nor can a court set aside a verdict of acquittal when the punishment *may be* imprisonment. 15 Ark. 261; 20 *Id.* 160; 28 *Id.* 113; 36 *Id.* 84; 38 *Id.* 550; 42 *Id.* 270; 47 *Id.* 568; Kirby's Digest, § 5112.

2. There is no law to punish the purchaser of liquor. This

case does not fall within *Hunter* v. *State,* 60 Ark. 312. See 72 Ark. 16; 68 Ark. 471.

*Hal L. Norwood,* Att'y General, and *C. A. Cunningham,* Assistant, for appellee.

1. No penalty of imprisonment is involved in this case. Kirby's Digest § § 2618, 5112, and cases cited by appellant.

2. Appellant was the prime mover in procuring a violation of the law and aiding a violator of the law, hence an accessory in the second degree, and liable as a principal. 88 Ark. 240; 45 Ark. 361; 60 *Id.* 312.

BATTLE, J. The grand jury of Boone County, at the July, 1908, term of the circuit court of that county, indicted Newt Fenix for selling one pint of liquor without license. He was tried and acquitted. The court set aside the verdict of acquittal. He objected and saved exceptions. He was again tried on the following agreed statement of facts:

"Comes W. F. Reeves, prosecuting attorney of the 14th Judicial District, and Pace & Pace, attorneys for the defendant, and file this agreed statement of facts in the above-entitled cause:

"That the defendant, Newt Fenix, the prosecuting witness, J. L. Smith, and one Whitten were all in defendant's meat market in the town of Lead Hill, in Boone County, Arkansas, some time in December, 1907, within one year before the filing of the indictment herein, and some one of the three suggested the purchasing of one pint of whisky; that each one of the three put in 25 cents, and the defendant took the money, went out to buy the whisky; that he gave the 75 cents to one Henry Smith, who went to one Dick Cunningham, who was openly and notoriously selling liquor without license, bought a pint of whisky from him, and returned it to the defendant, Fenix, and the defendant, Fenix, returned it to the shop, and he, Smith and Whitten all three drank it. The defendant was not interested in the sale except as a purchaser, as above set forth, for J. L. Smith, Whitten and himself, and made no profit from the transaction, and was in no way connected with Dick Cunningham or Henry Smith in selling liquor. That defendant is 47 years of age; has lived in Lead Hill 30 years, and has always borne the reputation of being a

law-abiding citizen, and never had the reputation of selling liquor."

He was found guilty, and his punishment was assessed at a fine of $50. Judgment was rendered against him for that amount; and he appealed.

Appellant contends that the trial court did not have the authority to set aside the verdict of acquittal in the first trial. But this contention is untenable. The punishment for the offense charged was only a fine. In such cases this court has repeatedly held that a trial court can set aside a verdict of acquittal. *Jones* v. *State,* 15 Ark. 261; *State* v. *Czarnikow,* 20 Ark. 160; *Steck* v. *State,* 28 Ark. 113; *Taylor* v. *State,* 36 Ark. 84. But appellant says that upon a conviction of a second offense of selling liquor without license the appellant may be imprisoned. That is true, but it did not subject him to imprisonment for the first offense or put his liberty in jeopardy in a trial for that offense. He need not commit the second offense.

There was no evidence to convict the appellant. The statutes of this State do not make it unlawful to purchase liquor, but to sell, and the defendant did not sell. He does not come within the rule announced in *Hunter* v. *State,* 60 Ark. 312. He did not by a device procure from the seller a sale of liquors in quantity such as the seller was authorized to sell when he was actually purchasing for persons in less quantities, or procure the sale to a person the seller was not authorized to sell to as in *Foster* v. *State,* 45 Ark. 361. The seller to the appellant had no license to sell liquor, and was not authorized to sell in any quantities or to any person. He was not misled by the appellant.

Reversed and remanded for a new trial.