Freeman, et al., v. Russell, et. al.

FREEMAN ET AL v. RUSSELL ET AL.

1. PARTIES: *In a bill to declare a resulting trust.*
In a bill alleging the purchase of land by one with the money of the plaintiff and taking the deed in the name of the purchaser, and praying a resulting trust in the plaintiff, the heir of the purchaser, who is deceased, is a necessary party.

2. INFANT: *No decree against, without service and answer. Appeal. Depositions.*
No decree can be rendered against an infant until he is served with a summons or by warning order, and an answer by guardian denying all the material allegations of the complaint has been filed; and a guardian *ad litem* can not be appointed for him until after such service; and the omission of these will not be cured by his appeal from the decree; nor will depositions taken without them be admissible against him.

APPEAL from *Lee* Circuit Court in Chancery.

Hon. L. L. MACK, Circuit Judge.

*Freeman* et al. pro se.
Argued on the merits.
*Tappan & Hornor* for Appellees.
Argued on the merits and cited *Washburn on Real Property, Vol. 2, p.* 441.

EAKIN, J.   This is a bill to declare a resulting trust, filed by the devisees of Elmira Freeman (or persons claiming through them) against the Administratrix, widow and one of the heirs of a deceased son of said Elmira—the complainants themselves constituting his other heirs.   The defendant heir is a minor and a non-resident of the State.

The substance of the charges is, that W. D. Freeman, the son of Elmira, invested money of his mother in the purchase of a certain quarter section of land, taking the title in his own name, whereby a trust resulted to him.   That the son died leaving as his heir, the non-resident minor, who was a nephew, and two sisters, one of whom, with the children of

the other, who is dead, are complainants. That the mother died afterwards, leaving a will, by which all her property, real and personal, in possession or expectancy, was left to the two daughters, to the exclusion of other heirs. The prayer is for title to the land divested of all claim of the widow for dower, or of the non-resident minor as an heir; also for possession, and rents and profits. All this upon hearing was granted and defendants appeal.

We forbear any intimation of opinion upon the merits of the case, as we do not think the proper parties were before the Court. The non-resident defendant, Robert L. Freeman, appears from the bill to be entitled, if there were no resulting trust, to a third interest in the land as heir of his uncle Wm. D. No decree affecting his title should have been pronounced against him, without service and a substantial defense by guardian. He was an essential party, as his rights were the principal object of attack. They are permanent if he has any. The dower is transient. The Court was not asked to pronounce a decree against the widow, saving his rights, and ought not to have done so if it had been asked, unless they had been conceded. For, upon any attempt on his part to assert them afterwards, precisely the same litigation would have to be gone over, upon issues requiring the same proof. Courts of Equity ought not to do justice by piece-meal when it can be done in one suit, without great inconvenience. This, indeed, the Court meant to do, but was, so far as the transcript shows, mistaken, in supposing it had before it the parties to be bound.

We find no summons, nor service on Robert L. Freeman, nor order, nor proof of publication. An Attorney ad litem was appointed for him, which was unnecessary in case of a minor; and also a Guardian ad litem, which would have been proper in case of actual or constructive service, but was unauthorized without it. The Guardian ad litem accepted

the appointment, but filed no answer denying the allegations of the bill.   All that were material should have been denied. It seems that the minor joined in the application here for an appeal, but if not *sui juris*, he cannot be bound by that, and probably his name was included *pro forma*.

The decree must be reversed and the cause remanded to give the defendant, Rob't. L., day in Court.   He must be served by some appropriate mode, have a Guardian ad litem appointed after service, who must put in an answer denying all material allegations of the bill.   He will be entitled to time to take all the proof his Guardian ad litem may be advised to be necessary and will not be bound by the proof now in, as it was taken before he became a party.

For error in proceeding to final decree in the absence of necessary parties, reverse and remand for further proceedings consistent with this opinion, and the principles and practice in equity.