## GANNON v. MOORE.

Opinion delivered June 10, 1907.

1. DEED—SUFFICIENCY OF DESCRIPTION.—A description of land in a deed as part of a certain twenty acres of land is insufficient to identify the land, or even to constitute color of title. (Page 198.)

2. TAX SALE—DEATH OF PURCHASER—DEED TO WIDOW AND HEIRS.—Where a purchaser at tax sale died after receiving a certificate of purchase, his interest in the land became vested in his widow and heirs, subject to the rights of his creditors; and it was proper for the county clerk to execute his deed to them as his representatives. (Page 199.)

3. TAX DEED—INFORMALITY—COLOR OF TITLE.—Where the county clerk in a tax deed misdescribed the land offered for sale, but in the granting clause correctly described the land sold, the deed, though informal, was sufficient color of title upon which to base a claim of title by adverse possession. (Page 199.)

4. SAME—PAROL EVIDENCE.—Where a tax deed contained a variance in the reciting and granting clauses as to the description of the land sold, it is competent for the tax purchaser to introduce the certificate of purchase to show that the land described in the granting clause, and not that described in the reciting clause, was intended to be sold. (Page 199.)

5. HOMESTEAD—ESTATE.—A homestead may be acquired in land held by a husband and wife jointly or as tenants by entireties. (Page 199.)

6. LIMITATION—HOMESTEAD.—As the right of adult heirs to enter upon an estate of inheritance in the ancestor's homestead does not accrue until the homestead interest of minor heirs therein has terminated, the statute of limitations will not run against the former until the termination of the latter's homestead estate. (Page 200.)

7. EJECTMENT—AMENDMENT OF PLEADING.—An amendment to a complaint in ejectment which conforms the allegations in the complaint to the facts shown by the chain of title set out by plaintiffs does not bring in a new cause of action. (Page 200.)

8. INFANCY—APPEARANCE BY GUARDIAN.—A court has no right to appoint a guardian *ad litem* until after service of summons upon the infant defendants, nor has the guardian *ad litem* any right to enter their appearance by filing an answer in the absence of such service. (Page 201.)

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; reversed in part.

*H. A. Parker,* for appellants.

1. Where an amendment introduces a new cause of action, the statute of limitations runs against it up to the time of filing. Therefore, when, on April 26, appellees filed a new complaint claiming the land, not as heirs of H. H. Moore, but solely as heirs of Julia Ann Moore, this action was barred. 17 Ark. 608; 14 Ark. 199; 23 Ark. 510; 59 Ark. 444; 158 U. S. 292; 95 Fed. 309; 6 Pet. 61; *Id.* 120; 5 C. C. A. 557; 14 C. C. A. 469. The running of the statute is not stopped by the filing of the complaint alone. Process must also be issued thereon. 47 Ark. 120; Kirby's Digest, § 6033; Mechem on Agency, § 803. This being a joint deed to husband and wife, where one died the survivor took the fee. 29 Ark. 202. Not being a homestead, Mrs. Impey's disabilities ceased at the age of 18.

2. As to the minor defendants, no summons was ever issued to nor served upon them. Hence no guardian could lawfully be appointed to represent them. Kirby's Digest, § 6024; 40 Ark. 56. An order of revivor must be served upon a minor in the same manner that a summons is served, and such service cannot be waived. Kirby's Digest, §§ 6306-7; 39 Ark. 106.

3. At best, Bruce Moore, after the expiration of two years from the time appellants took possession, had a right of redemption, and could only claim rents and profits from the time he filed suit. He would also be held to pay for improvements, repairs and taxes with interest. 53 Ark. 418; 52 Ark. 132; 74 Ark. 343. The title of the Gannon heirs was good under the statute and remained so until overturned by a court of competent jurisdiction. Kirby's Digest, §§ 7104-5; 21 Ark. 319; 52 Ark. 132.

*Manning & Emerson,* for appellee.

1. There is nothing in the record which properly raises even a suspicion that the minor children, all of the defendants in fact, had not been served; on the contrary, the court affirmatively determined that the children were parties in court.

2. "The primary object of the court is the trial of causes on their merits, and to that end the provisions for amendments are exceedingly broad and liberal." 64 Ark. 253. Amendments are subject to the sound discretion of the trial court, and it was abundantly justified in permitting them in this case. Kirby's Dig. §§ 6140, 6445-8; 67 Ark. 142; 73 Ark. 415; 76 Ark. 551;

47 Ark. 31; 47 Ark. 404; 45 Ark. 253; 64 Ark. 499; 60 Ark. 526; 68 Ark. 515; 72 Ark. 314.

3. A clerk's tax deed reciting that a certain described tract of land was subject to a taxation for the year 1898, and that it was stricken off and sold to A. J. Gannon, and which afterward in the granting clause conveys an entirely different tract of land to the widow and heirs of Gannon, is void for uncertainty of description, and does not start the statute of limitation to running. Likewise as to a deed which describes a tract of land as "part of the S. ½ of S. W. ¼ of N. W. ¼," etc. 69 Ark. 357; 77 Ark. 470. See also 57 Ark. 553; 58 Ark. 151; 65 Ark. 505.

RIDDICK, J., This is an action of ejectment to recover 160 acres of land in Monroe County. Two of the plaintiffs are children and heirs of H. H. Moore and Julia Ann Moore, his wife; the other plaintiffs claim by mesne conveyances from the two other children of H. H. Moore and his wife.

The evidence shows that H. H. Moore and his wife, Julia Ann Moore, were the owners of this land as tenants by entireties; they having purchased it in 1871 from W. H. Dinkins, who conveyed it to them jointly. Moore and his wife with their children occupied the land as a homestead up to the time of their death, which occurred in 1890. Moore died in that year, and his wife died less than a day after the death of her husband, leaving a family of several children, all of whom were minors at that time. The youngest of these children was still a minor at the time this action commenced. He died in 1905, sometime after the action was begun, and was not over eighteen years of age at the time of his death.

The defendants are the widow and five children of A. T. Gannon, deceased, three of whom are minors. They rely for title upon tax deeds and actual adverse possession under such deeds for over two years.

It is conclusively shown from the records and from the other evidence introduced that all of these tax deeds were void. But we need not set out the different grounds on which these deeds were held by the trial court to be void, for counsel for defendant does not claim that any error was made in this respect, except that he contends that the court erred in excluding certain of the deeds as evidence upon which to base title by ad-

verse possession. Some of these deeds were void on account of insufficient description of the land; one of them, for instance, described the land conveyed by it as "part of the S. ½ of S. W. ¼ of the N. W. ¼ of section 27, T. 1, R. 1 west." The ruling that such a deed was void was correct, for the description was not such as to identify the land, and the deeds did not constitute even color of title. *Dickinson* v. *Arkansas Improvement Co.,* 77 Ark. 570.

But we are of the opinion that the court erred in excluding the deed of the county clerk conveying the S. E. ¼ of the N. W. ¼ of sec. 27, town. 1 north, range 1 west, to the window and heirs of Gannon. Gannon purchased this land at a tax sale, and received a certificate of purchase. After his death, his interest in the land, obtained by virtue of the tax purchase and certificate, became vested in his widow and heirs, subject to the rights of his creditors; and it was therefore proper for the clerk to execute his deed to them as his representatives.

In making out the deed, the clerk by mistake recited that the N. E. ¼ of the N. E. ¼ of sec. 27 had been offered for sale and sold to Gannon; but in the granting clause of the deed he gave the correct description of the land. By reason of this mistake in the reciting clause, the deed does not contain the recitals that the land conveyed was sold for non-payment of taxes, etc., as required by statute. The presumptions of regularity which under the statute arise in favor of a tax deed executed substantially in accordance with the statutory form would not attach to this deed. Kirby's Digest, § § 7103-4. But, as the clerk in fact conveyed the land that was actually sold for non-payment of taxes, we think this deed, though informal and void for other reasons, was sufficient to enable defendants to acquire title by adverse possession, for the holder held by virtue of a purchase at a tax sale. Kirby's Digest, § 5061; *Ross* v. *Royal,* 77 Ark. 324; *Dickinson* v. *Hardie,* 79 Ark. 364.

As the deed was based on the certificate of purchase, it was competent for the defendant to introduce the certificate of purchase to show that the land conveyed, and not that described in the reciting clause in the deed, was the land which was sold at the tax sale, and that the deed was based on a tax sale.

But, as before stated, it appears that the land was the

homestead of Moore and his wife. Counsel for appellant contends that a homestead could not be acquired in land held by the husband and wife jointly or as tenants by entireties. We do not think that this contention is sound, for we see no reason for such a distinction. But, even if it were so, when the husband died, his interest passed to his wife, and she became the owner in fee of the whole. It was her home when she died, and the home of her children, and after her death they had a homestead estate in the land, which did not terminate until the death of the youngest child, which was after this action was commenced. The other heirs were all adults at that time, and had no right of action to recover the possession until the termination of the homestead estate in the land. Even though defendants held under a tax deed, plaintiffs would not be barred until two years from that date. For certainly it was not the intention of the statute to cut off the title of the remaindermen or reversioners before their right of action to recover possession accrued, and, as we have said, this right of action did not accrue until the termination of the homestead estate. *Kessinger* v. *Wilson,* 53 Ark. 400.

This being so, it is plain that none of these adult defendants have acquired title by adverse possession, for the youngest child of Moore and his wife died still a minor after this action was commenced against the adult defendants; and, as the tax title under which they held was void, it is plain that as to them the judgment was right.

Under this view of the matter, it is not very important to consider whether the contention of counsel for appellant that, as plaintiffs in their original complaint alleged that they deraigned their title from H. H. Moore, and in the last amendment to the complaint alleged that they acquired title through his wife, the statute did not stop running until the filing of that amendment. But in our opinion this contention is not sound. This was an action of ejectment to recover possession of this land, and so soon as it was commenced against the defendants the statute was tolled as to title held by the plaintiffs at that time. Nor was there any new cause of action set up by the amendment referred to. The cause of action consisted of the fact that defendants wrongfully withheld from plaintiffs the pos-

session of land owned by them. The chain of title by which plaintiffs seek to prove that they were entitled to possession is not the cause of action, but the evidence of it. To prevent surprise, the law requires the plaintiffs to set out their own chain of title; but it is as incorrect to speak of it as their cause of action as to speak of the evidence in any other suit as the cause of action. If, after the action was commenced, the plaintiffs had bought or inherited a new title to the land, and had undertaken to amend their pleadings and recover on this new title, this would be bringing in a new cause of action, for this new evidence would show that at the right time the original action was brought plaintiffs had no right to possession, and therefore had no cause of action, and that their right to possession and their cause of action was subsequent to the commencement of their suit. But in this case the amended complaint simply conformed the allegations in the complaint to the facts shown by the chain of title which had been already set out. Even if they were distinct chains of title, they both tended to prove the same cause of action, that defendants were at the commencement of the action in the wrongful possession of land owned by plaintiffs. This question was discussed in a recent case, and the same rule announced, though in that case there was a new cause of action. *Covington* v. *Berry,* 76 Ark. 460; *Union Pac. Ry.* v. *Wyler,* 158 U. S. 285; Bliss on Code Pleading (2d Ed.), § 113.

But three of the defendants in this action were minors. The record recites that the adults appeared by their attorneys and the minors by their guardian *ad litem.* But there is nothing in the record to show that there was any service of summons upon these minor defendants. This being a direct attack upon the judgment by appeal, the same presumptions in favor of the regularity of the judgment do not arise as in a collateral attack. If the record does not recite or show service upon the minor defendants, we must take it that no summons was issued to or served upon them. The court had no right to appoint a guardian *ad litem* until after service of summons upon the infant defendants; and the guardian *ad litem* had no right to enter their appearance by filing an answer in the absence of such service. *Freeman* v. *Russell,* 40 Ark. 56; *Evans* v. *Davies,* 39 Ark. 235; *Haley* v. *Taylor,* 39 Ark. 104; *Pinchback* v. *Graves,* 42 Ark. 222;

10 Enc. Plead. & Prac. 639-644; 22 Cyc. 653.*

It thus appears that these minors have had no day in court. The judgment must be therefore reversed as to them. *Freeman* v. *Russell, supra.* But it will be affirmed as to the adults, for, though there were some errors in the rulings of the trial court, yet the undisputed facts show that as to the adult defendants the judgment was right.

Judgment affirmed as to Mrs. Maggie Gannon, the widow of Gannon, and Catherine P. and Maggie C. Gannon, and reversed as to Alfred J. Gannon, Elliott H. Gannon and Horace V. Gannon, minor defendants.

---

*See, also, *Nunn* v. *Robertson,* 80 Ark. 350. (Rep.)