BLACK *v.* BROWN.

Opinion delivered May 28, 1917.

1. DEEDS—TAX PURCHASE—DEATH OF HOLDER OF CERTIFICATE.—The holder of a certificate of purchase at a tax sale died before a deed was executed to him. *Held*, a deed from the county clerk to the said P. M. Black estate, his heirs and assigns * * *," was valid, when the widow and heirs of the said Black were definitely known.

2. TAX DEEDS—ADVERSE POSSESSION.—A purchaser at a void tax sale who goes into possession and remains in undisturbed possession for over two years, acquires title by adverse possession.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*John W. Moncrief,* for appellant.

1. The tax deed was not void. Under it L. A. Black, the only heir of the tax purchaser, went into actual possession and has had two years' possession under the tax deed. The deed should have been upheld. Kirby's Digest, § 5061; 60 Ark. 163-8. Appellant has paid the taxes for 20 years and the appellees are barred.

*John L. Ingram,* for appellees.

1. The tax sale was void. The lands were assessed and sold *en masse.* 61 Ark. 414.

2. There were no laches. The deed is no deed at all—not even color of title. There is no grantee—the grantee is an estate. Appellant, therefore, has nothing more than a certificate of purchase and the two years' statute of limitations did not commence to run. 73 Ark. 221; *Ib.* 344.

3. There was no grantee. 77 Ark. 570. Plaintiffs are not barred by limitation or laches. 90 Ark. 430.

STATEMENT BY THE COURT.

Appellees instituted this action in the chancery court against appellant to cancel, as a cloud on their title, a clerk's tax deed executed to him to two lots in the town of Stuttgart, Arkansas. Their complaint sets up title in themselves and they allege that the tax deed to appellant is void. Appellant claims title under his tax deed and pleads the two years' statute of limitations.

The facts are agreed upon and are substantially as follows:

Thomas Brown owned the land in his lifetime. He died intestate in 1894, leaving surviving him, his widow and other appellees as his sole heirs at law. On the 10th day of June, 1895, the collector of taxes sold the land for the delinquent taxes of 1894. J. G. Lynn became the purchaser at the sale and received a certificate of purchase.

On the 21st day of October, 1895, Lynn assigned his certificate to P. M. Black. Since that time Black and his heirs have paid all the taxes assessed against the land. P. M. Black died intestate, leaving surviving him his widow, C. E. Black, and L. A. Black, his only child, as, his sole heir at law. There was no administration upon the estate of P. M. Black, deceased. L. A. Black collected all the debts due the estate and paid all the debts owed by P. M. Black. After the death of P. M. Black, the period of redemption expired and L. A. Black presented the certificate of purchase to the county clerk and demanded a tax deed. The county clerk was well acquainted with P. M. Black in his lifetime and knew of his death. He was also well acquainted with L. A. Black and C. E. Black and had known them for many, years. He knew that L. A. Black was the sole heir at law of P. M. Black, deceased. On the 21st day of December, 1910, the county clerk executed the tax deed in question in this case. The deed recited that J. G. Lynn was the purchaser at the tax sale and had transferred his certificate of purchase to P. M. Black and that the P. M. Black estate had presented to him the certificate of purchase executed by the tax collector. The deed then recites: "Now, therefore, I, C. L. Morgan, clerk of the county court of the county aforesaid, in consideration of the said sum of money to the collector paid as aforesaid, and by virtue of the statutes in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said P. M. Black Estate, his heirs and assigns, the real property aforesaid, and more particularly described as follows, towit: Lots 3 and 4, Block 6, Imp. Co. Add. Town of Stuttgart, in the County of Arkansas, and State of Arkansas; to have and to hold unto him the said P. M. Black Estate, his heirs and assigns forever; subject, however, to all the rights of redemption provided by law."

L. A. Black went into possession of the lands and had been in adverse possession of them for more than two years when the present suit was instituted.

The chancellor found that the tax sale on June 10, 1895, for the taxes for the year 1894, above referred to and the tax deed based thereon were both void and constituted a cloud upon appellee's title. It was decreed that said tax sale and deed be canceled and held for naught. The case is here on appeal.

HART, J. (after stating the facts). At common law a deed or grant in which the grantees are described as the heirs of a named living person is void for the reason that there are no persons *in esse* who can take under that description, as it can not be ascertained during the life of a person who will be his heirs. Case note to 18 A. & E. Ann. Cas. at page 873.

(1) It is contended by counsel for appellees that the deed in question falls under the condemnation of this common law rule, but we do not agree with counsel in this contention. Here it was known that P. M. Black had died intestate and there was no uncertainty as to who constituted his heirs.

In *Ready* v. *Kearsley*, 14 Mich. 215, Mr. Justice Cooley said that a deed to a person or his heirs has been held to be valid, as, if the grantee was living, the title would pass to him, and if dead, his heirs would be known. Mr. Washburn says that the object of names, being merely to distinguish one person from another, it seems to be sufficient, if this is effected, though the true name of the party be not used or even no name at all. Washburn on Real Property, 5th Ed., Vol. 3, page 278.

In *Thomas* v. *Marshfield*, 10 Pick. (Mass.) 364, the first objection to the deed was that the grantees were not named, nor designated with sufficient certainty. The court said: "With regard to the first objection, it is not essential to the validity of a grant, that the grantee or grantees should be named; but if not named, they must

be ascertained by description, so as to be distinguished from all others; and any uncertainty in this respect will render the grant void.''

Section 7103 of Kirby's Digest provides in substance that at any time after the lapse of two years from the date of sale of any tract of land for taxes, if same shall remain unredeemed, the clerk of the county court shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance for the tract or lot described in such certificate. The section also provides that in case the certificate of purchase has been assigned, the clerk of the county court shall briefly recite the fact in the deed. The agreed statement of facts shows that the county clerk was well acquainted with P. M. Black in his lifetime and had known L. A. Black and his mother, the widow of P. M. Black, for many years; that he knew that Black had died intestate at the time he executed the tax deed in question. In construing section 7103 of Kirby's Digest in *Gannon* v. *Moore,* 83 Ark. 196, the court said that after the death of the tax purchaser his interest in the land obtained by virtue of the tax purchase and certificate became vested in his widow and heirs, subject to the rights of his creditors; and it was therefore proper for the clerk to execute his deed to them as his representatives.

In the present case it is manifest that it was the intention of the parties to carry out the provisions of section 7103 of Kirby's Digest as construed in *Gannon* v. *Moore, supra,* in making the deed in question. P. M. Black being dead at the time of the execution of the deed his heirs were known with certainty and there could be no two parties claiming adversely as grantees under the deed. We are of the opinion that the validity of the deed should be upheld. See *City Bank of Portage* v. *Plank et al.,* 141 Wis. 653, 18 A. & E. Ann. Cas. 869.

(2) Appellant went into possession of the lots under his tax deed and remained in possession for more than two years before this action was instituted. He

thereby acquired title by adverse possession, even though the tax sale was void. *Gannon* v. *Moore, supra,* and cases cited.

It follows that the court erred in holding the tax deed void and for that error the decree will be reversed and the cause remanded with directions to enter a decree in favor of appellant.