MISSOURI PACIFIC RAILROAD COMPANY *v.* GEREN.

Opinion delivered June 26, 1922.

RAILROADS—NEGLIGENCE—RUNAWAY LOCOMOTIVE.—Where a railway locomotive, with steam up, was left in charge of a watchman whose other duties took him elsewhere, and during his absence some one opened the throttle, causing the engine to run off the track and into plaintiff's wagon, the railway company was guilty of negligence, as, under the circumstances, the engine was a dangerous agency, and a constant watch should have been kept over it.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellants.

The court should have directed a verdict for the defendant. Section 8562, Crawford & Moses' Digest, does not apply. There was no presumption of negligence on the part of the defendants. 70 Ark. 481.

*A. A. McDonald,* for appellee.

Railroads shall be responsible for all damages to persons and property done or caused by the running of

trains in this State.    C. & M. Digest, sec. 8562.    This statute cast upon the company the burden of showing due care on its part.    57 Ark. 136; 65 Ark. 325; 83 Ark. 217. There was no error in giving or refusing instructions. 99 Ark. 226; 91 Ark. 97; 90 Ark. 524.

HUMPHREYS, J.    Appellees instituted suit against appellants in the circuit court of Sebastian County, Fort Smith District, to recover $193.95 for damage to an ice wagon, on account of alleged negligence in permitting an engine to leave appellant's track and run across a street into appellee's wagon.    The particular negligence alleged consisted in appellants leaving an engine on a side-track with steam up and in condition to be operated, without sufficient control or supervision.

Appellants filed an answer denying the material allegations of the complaint.

The cause was submitted upon the pleadings, testimony, and instructions, which resulted in a verdict and judgment against appellants in the sum of $170.95, from which is this appeal.

Appellants contend that the trial court committed reversible error in not instructing a verdict for them at the conclusion of the evidence, and in giving and refusing certain instructions.    We deem it unnecessary to set out or discuss the instructions, for we have concluded that the undisputed facts show that the wagon was demolished through the negligence of appellants.    The facts are as follows:    Appellees owned an ice plant across the street from the end of the switch-track of the Arkansas Central Railroad Company.    The platform of the ice plant was about 90 feet from the end of the track.    Between nine and ten o'clock p. m. on April 20, 1921, a Missouri Pacific engine, No. 14, was placed on the switch one-half block from the end of the track, in charge of a night watchman, whose other duties carried him out of sight and hearing of this and other engines left in his charge.    The engine was fired and had up 60 pounds of steam.    The reverse lever was on the center and the throttle closed.    The effect of

this was to lock the engine so it could not move unless the lever was moved and the throttle opened. The lever worked upon a quadrant, and could be moved in forward or backward motion. The engine could be operated by moving the reverse lever off of center and opening the throttle. At one o'clock a. m. the watchman examined and left the engine locked in this manner. He then went forward about a block from the engine to clean a passenger coach on the same track. Other cars were between the coach and the engine, which obstructed his view and prevented him from hearing the engine should it move. The same morning about two o'clock the engine was discovered by W. A. Recon, fireman on the yard engine, off the track and across the street next to the ice factory, where it had run into and crushed the wagon against the platform. The engine had run across the street, and in doing so the wheels had cut deep into the ground. When found, the reverse lever was in forward and the throttle partly open.

The engine, with steam up, was in condition to be operated by a movement forward or backward of a lever and the opening of a throttle. Anyone who passed, if inclined, could do this. In the condition and place left, it was a dangerous agency and a constant watch should have been kept over it. It was left in charge of a watchman but other duties were assigned him that carried him out of sight and hearing of the engine. In his absence, some one released the engine and permitted it to run away. Such a dangerous agency should not be intrusted to a watchman in name only. It was negligence to leave a live engine, so easy to release, practically unprotected and unguarded.

The judgment is therefore affirmed.