FULLERTON *v.* STORTHZ BROTHERS INVESTMENT COMPANY.

4-3667

Opinion delivered January 21, 1935.

*Coleman & Riddick,* for appellant.

*Ingram & Moher, House, Moses & Holmes* and *Harry B. Solmson, Jr.,* for appellee.

HUMPHREYS, J. Appellant filed this petition on the 31st day of March, 1934, in the chancery court of Arkansas County, Southern District, in a case styled L. Storthz

v. Samuel H. Fullerton, in which a final decree had been entered on the 27th day of July, 1931, seeking to partition the standing timber on a large tract of land in said county between appellant and appellees herein in proportion in value of $69,906.26 to appellees and $35,203.12 to appellant. The final decree was rendered in obedience to a mandate of the Supreme Court in the case of *Fullerton v. Storthz,* 182 Ark. 751, 33 S. W. (2d) 714. In that case, this court decided that Storthz and Fullerton were the owners of equal liens upon the timber according to the amounts of the vendor's notes held by each and were entitled to share ratably in the balance of the proceeds of the sale of the timber under the foreclosure decree after the payment of the taxes on the timber, which had been paid by Storthz. After the remand of the case, Storthz instituted another proceeding, after the final decree was rendered in the original foreclosure proceeding, seeking again to obtain a priority of his vendor's lien notes over Fullerton's vendor's lien note, in which attempt he failed because the matter had been adjudicated in the original suit. See *Storthz v. Fullerton,* 185 Ark. 634, 48 S. W. (2d) 560. After the final decree was rendered in said chancery court in conformity to the opinion in the case of *Fullerton v. Storthz, supra,* neither Storthz nor Fullerton applied for a sale of the timber to satisfy their judgment and liens on the timber. Storthz died, and appellee herein succeeded to the property rights of his heirs, and appellant purchased the assets, including the equity of redemption, of the Thane Lumber Company in the timber in question under a sale thereof in a receiver's proceeding in the Federal Court and obtained a receiver's deed thereto on the 25th day of September, 1929.

A statement of the transaction relative to this timber appears in the case of *Fullerton v. Storthz,* 182 Ark. 751, 33 S. W. (2d) 714, and *Storthz v. Fullerton,* 185 Ark. 634, 48 S. W. 560. The facts therein stated reflect that Storthz owned the lands and timber; that in 1926 he sold and conveyed the timber thereon to the Thane Lumber Company for $140,212.50, receiving a part of the purchase price in cash and retaining a vendor's lien on the timber for the balance evidenced by the lumber com-

pany's notes for approximately $35,000 each payable upon the 15th day of September, 1927, 1928 and 1929; that Fullerton acquired one of the $35,000 notes for value; that default was made in the payment of the second note, and Storthz brought a suit to foreclose the vendor's lien and made the Thane Lumber Company and Fullerton parties defendant, which resulted as outlined above.

On motion, the trial court dismissed appellant's petition to partition the timber between appellant and appellees in proportion to the respective judgments each obtained in the original foreclosure suit against the Thane Lumber Company, from which decree of dismissal is this appeal.

It is contended that the court erred in refusing to partition the timber in kind between appellant and appellees in satisfaction of their respective liens. According to the opinion of this court in the case of *Fullerton v. Storthz,* 182 Ark. 751, 33 S. W. (2d) 714, and the final decree rendered and entered pursuant to the mandate of this court, appellant and appellees herein owned liens on or against the timber but not the title to the timber in common. Liens are not the subject of partition under the statutes in this State or under common law.

According to the final decree in the original foreclosure suit as directed by this court, it was adjudged that appellant and Storthz had liens only upon the timber to secure their several judgments and did not directly or indirectly adjudge that they were joint tenants, tenants in common, or copartners in the timber. Both appellants and appellees are bound by that decree. The rule of *res judicata* would now prevent appellant from claiming a joint tenancy or copartnership in the timber so as to establish in himself a right to partition the timber in kind.

If the final decree in the foreclosure proceeding were ignored, and it should be held that, by virtue of appellant's purchase of the Thane Lumber Company's interest in the timber in the Federal court, he acquired title to the timber, it would follow that his vendor's lien on the timber merged in the title he acquired, and that

he was no longer a joint lien holder against the timber with appellee. Certainly an owner of timber could not assert the right to partition the timber in kind with one holding a vendor's lien thereon to secure a debt. The lien-holder would have a right to subject the timber to the payment of his debt. If the appellant owns the title to the timber and appellee only a lien thereon, they are not joint tenants or tenants in common in the timber. It is said in 33 C. J., p. 901, that a "joint tenancy exists where a single estate in property, real or personal, is owned by two or more persons, under one instrument or act of the parties," and Blackstone defines a tenancy in common to be "such as hold by several and distinct titles by unity of possession; because none knoweth his own severally and therefore they all occupy promiscuously." 2 Blackstone, Comm., p. 191. This definition is approved in *Hunter* v. *State,* 60 Ark. 312, 30 S. W. 42.

There is no rule or theory upon which appellant is now entitled to demand a partition in kind of the timber in question.

No error appearing, the decree is affirmed.

JOHNSON, C. J., and MEHAFFY, J., dissent.