HODGE *v.* HODGE.

4-3910

Opinion delivered June 17, 1935.

*Osborne W. Garvin,* for appellants.
*F. W. A. Eiermann,* for appellee.

SMITH, J. Lillian Hodge brought this suit to have a resulting trust declared in her favor upon a lot in the city of Little Rock the title to which was outstanding in the name of her son Manzo Hodge at the time of his death. The suit was brought against Nettie Hodge, the widow of Manzo. It appears that Manzo was also survived by three infant children, who were not made parties. The relief prayed was granted, and this appeal is from that decree.

It appears from this brief statement of facts that the case, in its essential features, is identical with that of *Freeman* v. *Russell,* 40 Ark. 56. In that case the devisees of a mother sued the administratrix, widow and one of the heirs of the testatrix's deceased son, Wm. D., to have a resulting trust declared. They failed to make Robert L. Freeman, an infant nonresident heir of the testatrix's son, a party to the suit. The relief prayed was granted, and the minor was joined with the other defendants in the application here for an appeal from that decree. The opinion there, if copied here, might, with the substitution of names, serve as an opinion in this case. The court declined to express any opinion upon the merits of the case for the reason that proper parties were not before the court. In so holding the court said: "The nonresident defendant, Robert L. Freeman, appears from the bill to be entitled, if there were no resulting trust, to a third interest in the land as heir of his uncle, Wm. D. No decree affecting his title should have been pronounced against him, without service and

a substantial defense by guardian. He was an essential party, as his rights were the principal object of attack. They were permanent if he has any. The dower is transient. The court was not asked to pronounce a decree against the widow, saving his rights, and ought not to have done so if it had been asked, unless they had been conceded. For, upon any attempt on his part to assert them afterwards, precisely the same litigation would have to be gone over, upon issues requiring the same proof. Courts of equity ought not to do justice by piece-meal when it can be done in one suit without great inconvenience. This, indeed, the court meant to do, but was, so far as the transcript shows, mistaken, in supposing it had before it the parties to be bound.''

The decree in the case cited was reversed, and the cause remanded with directions to make the minor heir a party, and it was stated that he was not bound by the proof then taken. This decree must be reversed for the reasons there stated, and it is so ordered.