KRICKERBERG v. HOFF.

Opinion delivered October 14, 1940.

*Sam W. Wassell,* for appellant.

*Taylor Roberts,* for appellee.

Holt, J. Appellee filed complaint in the Pulaski chancery court in which she alleged that in August, 1929, Emelie Krickerberg died intestate, without issue, leaving as survivor her husband, George F. Krickerberg, appellant, now 74 years of age; that Emelie Krickerberg's parents predeceased her and that she left no surviving heirs other than appellee, her sister; that at the time of her death she owned two lots in the city of Little Rock, Arkansas; and at her death, by operation of law, appellant became the owner of a life estate in one-half of said property and the remainder vested in appellee, Mary A. Hoff; prayed for partition, that the property be sold and the proceeds of the sale divided between the parties according to their respective interests.

Appellant answered, objecting to partition and sale of the property, and by way of cross-complaint alleged that appellee executed and delivered to him on July 8, 1931, the following memorandum: "I have on deposit for George Krickerberg, $1,000 (one thousand dollars). Mary A. Hoff, July 8, 1931."; that said memorandum created a trust for appellant's benefit and that on three different occasions subsequent thereto he demanded payment, which was refused; prayed that appellee's complaint be dismissed and for judgment against appellee in the sum of $1,000.

Appellee filed response to this cross-complaint alleging that she "never had any funds in her hands or under her control belonging to the defendant, George F. Krickerberg, but that it was her intention, prior to and at the time, July 8, 1931, to give the said George Krickerberg $1,000 of her own money either at her death or at some time subsequent to the aforesaid date, and as evidence of her intention caused the memorandum referred to in defendant's counterclaim to be executed. It was never this plaintiff's intention to deliver title to said sums by virtue of said written memorandum" and that no consideration passed for the execution of said instrument.

To this response appellant filed demurrer in which he alleged ''That said response to said cross-complaint does not state facts sufficient to constitute a defense.''

On the same date this demurrer was filed, appellant filed a motion to dismiss appellee's complaint, alleging that appellant and appellee are life tenant and remainderman respectively and are not joint tenants or tenants in common and, therefore, the property in question is not subject to partition.

The trial court overruled appellant's demurrer and motion to dismiss in the following language appearing in the decree:

''And the court being well and sufficiently advised, doth overrule the defendant's special demurrer to plaintiff's response to the defendant's cross-complaint and doth overrule the motion of the defendant, George F. Krickerberg, to dismiss plaintiff's complaint, whereupon, said defendant excepted to the actions of the court and asked that his exceptions be noted of record, which is accordingly done; and said defendant refusing to plead further but electing to stand on his special demurrer, it is by the court ordered that the cross-complaint of the defendant, George F. Krickerberg, wherein he seeks judgment against the plaintiff, Mary A. Hoff, with interest thereon from December 1, 1937, be and the same is hereby dismissed with prejudice.''

From the decree of the court granting appellee's prayer for partition, the overruling of appellant's demurrer, and dismissal of his cross-complaint, appellant brings this appeal.

By stipulation of the parties, the facts are:

''That the only interest the defendant, George F. Krickerberg, has in the property involved in this suit is a life estate in an undivided half interest in said property.

''That the plaintiff, Mary A. Hoff, is the owner in fee simple of the property involved in this suit, subject to the life estate in an undivided half interest held by the defendant, George F. Krickerberg.

"That said property is not susceptible of partition in kind.

"That the defendant, George F. Krickerberg, is 74 years of age.

"It is hereby stipulated that if the plaintiff is entitled to a partition and sale of the property involved herein (which right the defendant, George F. Krickerberg, denies), the value of the life estate of the defendant, George F. Krickerberg, in an undivided one-half interest in said property is 33.11 per cent. of one-half of the value of said property."

Under the above facts, is appellee entitled to partition of the property in question? It is our view that she is.

While it is true that there can be no partition where one holds the life estate in property with sole right to its possession, and the remainder in another, this is not the situation here. It is undisputed, under the facts before us, that appellee is the owner of a life estate in an undivided one-half interest in the entire property in question; likewise, appellant is the owner of a life estate in an undivided one-half interest in the entire property with remainder in appellee. In addition, appellee is the owner of the greater estate of a fee simple title to an undivided one-half interest in the entire property.

It appears clear, therefore, that appellee by virtue of her undisputed ownership of not only a life estate, but an estate in fee simple to an undivided one-half interest in the entire property is equally entitled to the possession of the property along with appellant who owns a life estate in an undivided one-half interest in the entire property, and thereby becomes a co-tenant, or a tenant in common, with appellant and is entitled to partition.

Section 10509 of Pope's Digest provides: "Any person desiring a division of land held in joint tenancy, in common or in coparceny shall file in the circuit court a written petition in which a description of the property,

the names of those having an interest in it, and the amount of such interest shall be briefly stated in ordinary language, with a prayer for the division, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners, and thereupon all persons interested in the property who have not united in the petition shall be summoned to appear and answer the petition on the first day of the next term of the court.''

If appellee is a co-tenant, or tenant in common, with appellant within the meaning of the above section, then she is entitled to partition of the property as prayed.

Under ''Tenants in Common'' in 7 R. C. L. 815, the textwriter says: ''A tenancy in common is characterized by a single unity, that of possession or of the right to the possession of property; and this, irrespective of any other unity as of time, tenure or estate. It follows that to be a tenant in common one must have such a title as will authorize him to take and hold possession, and if he can never be entitled to the possession, or the control of the property he cannot be a tenant in common. Therefore, if two or more persons are entitled to land in such manner that they have an undivided possession, but several freeholds, they are tenants in common. . . .''

In determining whether there is a co-tenancy or tenancy in common, the test seems to be whether the right of possession is present. In the instant case the right of possession is present, both appellee and appellant being entitled to possession of an undivided one-half interest of the entire property.

In *Fullerton* v. *Storthz Bros. Inv. Co.*, 190 Ark. 198, 77 S. W. 2d 966, this court quotes with approval Blackstone's definition of tenancy in common as follows: ''Blackstone defines a tenancy in common to be 'such as hold by several and distinct titles by unity of possession; because none knoweth his own severally and therefore they all occupy promiscuously.' 2 Blackstone Comm., p. 191. This definition is approved in *Hunter* v. *State*, 61 Ark. 312, 30 S. W. 42.''

Appellant next contends that the trial court erred in dismissing his cross-complaint and denying his prayer for judgment against appellee for $1,000.

The memorandum upon which the cross-complaint is based is set out, *supra*. Appellee in her response to this cross-complaint alleged that she never had any funds in her hands or under her control belonging to appellant, but that she intended at the time she executed the memorandum, July 8, 1931, to give appellant $1,000 of her own money sometime subsequent to July 8, 1931, and as evidence of such intention she executed the memorandum. She further alleged that she never intended to deliver title to said sum and that no consideration ever passed.

When the trial court overruled appellant's demurrer to this response, appellant refused to plead further. Whereupon, the court dismissed the cross-complaint. By standing on his demurrer, appellant admits the allegations in appellee's response to appellant's cross-complaint to be true.

Appellant urges here that the memorandum set out, *supra*, under the facts in the case, constituted a valid gift to appellant or that it "operates as an executed trust, in which the settlor, Mrs. Hoff, constitutes herself trustee for appellant."

We do not think that the elements necessary to constitute a valid gift are present here. Section 6073 of Pope's Digest provides: "Every gift of goods and chattels, and all other conveyances of the same, not on consideration deemed good at law, shall be void as against all creditors and purchasers; and all such gifts, grants and conveyances shall be void even against the grantor unless possession really and *bona fide* accompany such gift or conveyance."

We think the rule announced in *Stifft* v. *W. B. Worthen Company*, 176 Ark. 585, 3 S. W. 2d 316, applies. There it is said:

"The elements necessary to constitute a valid gift *inter vivos* were stated by this court in *Lowe* v. *Hart*, 93 Ark. 548, 125 S. W. 1030, to the effect that the donor

must be of sound mind; must actually deliver property to the donee, must intend to pass the title immediately, and the donee must accept the gift. It will therefore be seen that a gift *inter vivos* cannot be made to take effect in the future, as such a transaction would only be a promise or agreement to make a gift, and, being without consideration, would be unenforceable, and void, and considerations of blood or love and affection are not sufficient to support such a promise. 12 R. C. L. 930.

"This court, from *Hynson* v. *Terry,* 1 Ark. 83, down to the present time, in an unbroken line of cases, has held that actual delivery is essential, both at law and in equity, to the validity of a gift, and that without it the title does not pass. Mere delivery of possession is not sufficient, but there must be an existing intention accompanying the act of delivery to pass the title, and, if this does not exist, the gift is not complete. *McKee* v. *Hendricks,* 154 Ark. 369, 264 S. W. 825, and cases cited.

"In the case of *Carter* v. *Greenway,* 152 Ark. 339, 238 S. W. 65, it is said: 'Gifts *causa mortis,* as well as *inter vivos,* are based upon the fundamental right every one has of disposing of his property as he wills. The law leaves the power of disposition complete, but, to guard against fraud and imposition, regulates the methods by which it is accomplished. To consummate a gift, whether *inter vivos* or *causa mortis,* the property must be actually delivered, and the donor must surrender the possession and dominion thereof to the donee. In the case of gifts *inter vivos,* the moment the gift is thus consummated it becomes absolute and irrevocable'."

Here it appears that appellee had no money in her possession belonging to appellant and executed the memorandum as evidence of her intention to give appellant $1,000 at some future date. She did not divest herself of dominion and control of this money at the time she executed this instrument or at any time thereafter.

Nor can we agree to appellant's final contention that the memorandum in question operates as an executed trust in which appellee constitutes herself trustee

for appellant. There must be an intent to create a trust in order to create one, and it must be created with such certainty as will enable the court to carry out its terms. The memorandum, which appellant insists operates as an executed trust in which appellee is constituted trustee, simply provides: "I have on deposit for George Krickerberg $1,000 (one thousand dollars)." Where was this money deposited by appellee? If in a bank, what bank? In whose name was it deposited? When was appellant to receive this money and how was he to receive it?

The facts here are that appellee intended to give this money to appellant at some time subsequent to the date of this memorandum. There was no consideration for the intended gift.

In 26 R. C. L. 1183, § 20, under the subject of Trusts, the textwriter says: "No trust that is uncertain is enforced by law; because the law would have to define it, or in other words create it, before enforcing it. Accordingly in every instrument creating trusts there should be such certainty as will enable the court to carry them out. Where such uncertainty exists that the court cannot see what object the creator had in view or for what he intended to provide, then the trust must fail. To the existence of every trust there must be an estate to vest in the trustee, and the property must be clearly and definitely pointed out. . . ."

And in § 21, p. 1185, under Conversion of Imperfect Gift into Trust, it is said: "It is a well established rule that where an intended gift is incomplete or imperfect because of lack of delivery or other cause, and there is insufficient evidence to establish a trust, the courts will not, on account of such imperfection, convert the imperfect gift into a declaration of trust in order to effect the intention of the donor. . . ."

And on page 1252, we find the following language under § 100: "There can be no trust if there is no intention to create one, and therefore the first and great rule of construction, to which all other rules must yield, is that the intention of the grantor shall prevail, provided it be consistent with the rules of law. . . ."

It is our view that there is such uncertainty as to the settlor's intent, as expressed in the memorandum in question, as will defeat the creation of a trust and, therefore, the trust must fail.

Finding no error, the decree is affirmed.

GRIFFIN SMITH, C.J., concurs.