BLACK *v.* SIMPSON.

4-7471.                                                184 S. W. 2d 66

Opinion delivered November 27, 1944.

*Geo. E. Pike,* for appellant.

*W. A. Leach,* for appellee.

KNOX, J. This is a suit brought under authority of Act 119 of 1935 to confirm title acquired by the state at a tax sale held in Arkansas county for taxes of 1937.

At a tax sale held in Arkansas county for the taxes of 1894, T. J. Simpson purchased the north half of north half, section 20, township 6 south, range 2 west. Prior to the expiration of the period for redemption Simpson died, and the clerk executed his deed to the "heirs and legal representatives of T. J. Simpson." The conveyance to the legal representatives of the deceased bidder at the tax sale was improper, but the conveyance to his heirs was proper. *Huffman v. Henderson Company,* 184 Ark. 278, 42 S. W. 2d 221. See, also, *Black v. Brown,* 129 Ark. 270, 195 S. W. 673; *Gannon v. Moore,* 83 Ark. 196, 104 S. W. 139; Pope's Digest, § 13872. The tax deed therefore was color of title. Immediately after his purchase at the tax sale Simpson moved on and took possession of the land, and at all times since, he or some one or more of his heirs have been in possession. Although they at all times have been in possession, asserting title, the Simpsons have been exceedingly negligent about the payment of taxes. Few were the years in which the taxes were paid by any member of the Simpson family. The taxes were paid in various years by various persons and corporations. In most cases, however, the record fails to disclose the claim of ownership asserted by the person paying the taxes.

Holding, as they did, actual possession for a period of more than seven years under claim based on color of title, the Simpsons acquired good title by adverse possession.

The land again forfeited to the State for the taxes of 1937, and thereafter, on January 21, 1941, the State, acting through its attorney general proceeding under the authority of Act 119 of the Acts of 1935, filed this suit to confirm its title. Thereafter on February 3, 1941, the State conveyed its interest in the land to L. A. Black.

The Simpsons, on September 22, 1941, filed an answer to the complaint of the State, set out the convey-

ance to Black, and asked that he be made a party. Black filed a response thereto on November 19, 1941, and later, on June 15, 1942, filed an amendment thereto.

The respective pleadings filed by the parties hereto contain many allegations of irregularities in the proceedings leading to the tax sales under which the respective parties assert title, but the record contains little or no proof sustaining these allegations.

Although § 6 of Act 119 of the Acts of 1935, which is now § 8716 of Pope's Digest, refers to the action of the intervener as a "defense," we are nevertheless convinced that such section when read as a whole places on the intervener the burden to show that the tax sale under which the State asserts the title it is seeking to have confirmed is defective. Among other matters set out in this section, it is provided: "In case any person . . . shall establish valid defense a decree . . . shall be rendered . . . in favor of such defendant with respect to . . . the tract . . . free from the claim of the State therein . . ." It would appear that there is a presumption that the tax sale to the State is regular, and the burden is on the prior owner to show otherwise.

Appellees allege several grounds of irregularity in the sale for the taxes of 1937, but proof of these allegations is lacking.

In the written opinion filed in this case the chancellor said: "From pleadings and record evidence filed and presented and the admissions of counsel for the interveners and respondents, it is undisputed that both parties claim under void tax deeds, the interveners' ancester having purchased this land at a void tax sale for the taxes of 1894, by virtue of which the county clerk of Arkansas county issued his tax deed to these lands to the heirs and legal representatives of T. J. Simpson, deceased." This language leads us to believe that counsel for appellant, in open court, may have made an admission that the tax sale of 1937 was void. What irregularities existed in the proceedings of the tax sale of 1937 are not disclosed by the record, and not available for our examination. In

light of the chancellor's statement, to reverse the decree and dismiss the cause because of failure of proof to sustain the allegations would be unfair. On the other hand, to affirm the cause upon the mere recital of the chancellor that such an agreement general in its nature, had been reached, without further detail as to the terms, would prevent us passing on the case *de novo.* It appears that fairness requires that the cause be more fully developed. The decree is therefore reversed and the cause remanded with directions to take additional testimony as to alleged defects in the sale for the taxes of 1937, to the end that both the lower court and this court be fully advised as to irregularities, if any, which may have existed in the proceedings relating to the sale for the taxes of 1937.