The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District West P.O. Box 548 Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to your request for an opinion on whether a tax collector should exempt from taxation a parcel of property owned by co-tenants or co-owners where only one of the owners is entitled to the "veteran's tax exemption" found at A.C.A. §26-3-306 (1987). Specifically, you ask whether the collector should exempt the whole parcel, prorate the exemption, or disallow the exemption altogether.
It is my opinion that the answer depends upon the nature of the tenancy in which the property is held. If held either in a joint tenancy or in a tenancy by the entirety, it is my opinion that the collector should exempt the whole parcel. If held as a tenancy in common, the collector should apply the exemption to only that portion representing the veteran's interest.
It should be noted initially that the exemption provided at A.C.A. § 26-3-306 applies only to the "homestead" and personal property of certain veterans.[1] I assume that by your reference to a "parcel" of property, your question refers to real property. I assume further that it is the "homestead" of the veteran.[2] If it is not, the exemption does not apply.
The statute does not address the question posed. It states merely that certain veterans "shall be exempt from payment of all state taxes on the homestead . . . owned by the disabled veteran." Clearly a disabled veteran entitled to the exemption "owns" at least a portion of property held in a co-tenancy. The question becomes whether he "owns" the entire interest, such that taxes are not due on any of the value of the property, whether his ownership interest may be separated, and the taxes therefore prorated, or whether the co-tenancy alters his distinct ownership interest to the extent that the exemption is not applicable. The word "own" is defined as "to have a good legal title; to hold as property; to have a legal or rightful title to. . . ." Black'sLaw Dictionary, (5th ed. 1979).
A joint interest in realty must be either a joint tenancy, a tenancy by the entirety, a tenancy in common, or a partnership.[3] 48A C.J.S. Joint Tenancy, § 2 at 302. A "joint tenancy" is a single estate in property owned by two or more persons. . . ." Black's, supra at 1313. See also,Fullerton v. Strothz Bros. Inv. Co, 190 Ark. 198, 77 S.W.2d 966
(1935). Joint tenants hold the property by one joint title. 48A C.J.S. Joint Tenancy § 2 at 302. A "tenancy by the entirety" is essentially a joint tenancy, held by a husband and wife. Seegenerally, Black's, supra at 1313-1314. In contrast, a "tenancy in common" is a "joint interest in which there is unity of possession, but separate and distinct titles." Black's,supra at 1314. See also Fullerton, supra.
In my opinion, if the veteran holds the property either as a joint tenant or a tenant by the entirety, there is but one interest or title in the property. He "owns" the entire estate and title for purposes of A.C.A. § 26-3-306, as his title is inseparable from that of his joint tenant who also owns the estate. Despite the maxim that tax exemptions are to be construed strictly in favor of taxation and against exemption (Pledger v.Boyd, 304 Ark. 91, 799 S.W.2d 807 (1990)), it is my opinion a homestead held by a qualified veteran as a joint tenant or a tenant by the entirety is exempted by A.C.A. § 26-3-306.
A different result obtains, however, with regard to a tenancy in common. Tenants in common, as noted above, hold several and distinct titles. A tenancy in common is not an estate but is a relation between persons. Blacks, supra. It was specifically held in Barnes v. City of Detroit, 379 Mich. 169,150 N.W.2d 740 (1967) that a veteran was entitled to a homestead tax exemption for a two-fifths interest in a house held in a tenancy in common. The exemption obtained only on realty with a value of $7,500 or less. The house at issue was valued at $13,630, but the veteran's interest was only $5,452. The court cited with approval the lower court's statement that "it cannot be said that a tenant in common owns the whole property." The court therefore concluded that the veteran was entitled to a separate assessment and to the benefit of the veteran's exemption on his two-fifths interest.
It is my opinion, similarly, that a veteran who holds property as a tenant in common is entitled to the exemption for only his interest in the property. He holds a title distinct from that of his co-tenant for purposes of this exemption.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that this office has previously opined that this exemption might be subject to challenge under Arkansas Constitution, art. 16, §§ 5 and 6. See Op. Att'y Gen. 91-265.
[2] The fact that a veteran holds property in a tenancy in common, a joint tenancy, or a tenancy by the entirety does not prevent the property from being his "homestead." See, e.g.,Gannon v. Moore, 83 Ark. 196, 104 S.W. 139 (1904); Simpson v.Biffle, 63 Ark. 289, 38 S.W. 345 (1896), and Ward v. Mayfield,41 Ark. 94, (1883).
[3] I assume from the context of your question (i.e., the veteran's homestead exemption) that the property is not held in a partnership.