Naomi Stokes HOWARD, Executrix of the Estate of Frances Parette *v.* Aubrey WEATHERS

CA 95-1224                                            932 S.W.2d 349

Court of Appeals of Arkansas
Division I
Opinion delivered November 6, 1996

*Malcolm R. Smith, P.A.*, for appellant.

No response.

JUDITH ROGERS, Judge. The appellant, Naomi Stokes Howard, as executrix of the Estate of Frances Parette, brings this appeal from an order dismissing her complaint against appellee, Aubrey Weathers. As her only issue on appeal, appellant contends that the trial court erred in finding that a valid *inter vivos* gift had been made to appellee of money belonging to the deceased as the beneficiary of an estate, but which was retained by appellee after his discharge as the executor of that estate. We find merit in appellant's argument and reverse.

Frances Parette and Juanita Richenback were sisters. Juanita died in June of 1987, and she left a will nominating appellee as the executor of her estate and naming Frances as her sole beneficiary. According to the final accounting, $34,758.72 was to be distributed to Frances upon the closing of the estate. Frances died testate in September of 1990. In her will, she appointed appellant as the executrix of her estate and designated appellant as her sole beneficiary. On behalf of Frances's estate, appellant filed this suit claiming entitlement to the proceeds of Juanita's estate which she alleged had not been distributed to Frances in accordance with Juanita's will and the order of final distribution of Juanita's estate. After a trial, the

trial court dismissed appellant's complaint, thereby accepting appellee's claim that Frances had made a gift of the money to him.

In his testimony at trial, appellee openly acknowledged that he had retained the money after the closing of Juanita's estate, but he said that he had done so at Frances's behest. He explained that, at Juanita's funeral, Frances instructed him to "take care" of the money she was to inherit and to send her $100 a month. Appellee also stated that, although he and Frances were virtual strangers, Frances told him that he could keep the remainder when she died. Introduced into evidence was a letter written by Frances to appellee, dated June 10, 1988, in which she stated, "Just send me one 100 [sic] a month. I don't want it all at once." Also introduced was a letter written by appellee to Frances, dated August 19, 1988, in which appellee informed Frances that "[t]here is now available to be distributed to you or to be held and paid over to you as you have previously directed me to do so the sum of $34,758.72." Appellee testified that he kept the money in a joint account in both of their names and sent Frances $100 a month until her death, as well as additional sums when requested. He also testified that he would have sent her "$1,000 or $10,000," if she had ever asked for it. He maintained that he had refused appellant's request to turn over the money to Frances's estate because Frances had made a gift of the money to him.

Appellee's testimony was confirmed in several respects by J.W. Green, the attorney who handled the probate of Juanita's estate, and in particular by the testimony of Reverend J.T. Welch, Frances's pastor. Reverend Welch testified, by deposition, that Frances had first asked him to hold the money under the same arrangement to give her $100 or more a month for whatever she needed and to keep the balance upon her death. He said that, when he refused, Frances told him that she was going to approach appellee, since her sister had trusted him well enough to name him as the executor of her estate. Reverend Welch testified that appellee sent him the monthly allowance to forward to Frances, who lived in a nursing home.[1] He also stated that it was his understanding that Frances could have asked appellee for all of the money if she had wanted it.

---

[1] J.W. Green offered testimony that Frances believed that her receipt of the money would interfere with her staying in the nursing home.

■ At issue in this case is whether Frances made a completed *inter vivos* gift of the money to appellee. Gifts *inter vivos*, as well as *causa mortis*, are based on the fundamental right everyone has of disposing of his or her property as he or she so desires. While the law leaves the power of disposition complete, it regulates the methods by which it is accomplished to guard against fraud and imposition. *Krickerberg v. Hoff*, 201 Ark. 63, 143 S.W.2d 560 (1940). To that end, our law is clear that in order for an *inter vivos* gift to transpire it must be proven by clear and convincing evidence that (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift. *Wright v. Union National Bank*, 307 Ark. 301, 819 S.W.2d 698 (1991).

■ Over the years, our courts have focused on the requirement of delivery. *Irvin v. Jones*, 310 Ark. 114, 832 S.W.2d 8 27 (1992). It is said that mere delivery of possession is not sufficient, but there must be an existing intention accompanying the act of delivery to pass title, and, if this does not exist, the gift is not complete. *Krickerberg v. Hoff, supra*. Thus, the effect of the delivery must be that the donor parts, not only with possession, but with dominion over, and control of, the property so delivered. *Baugh v. Howze*, 211 Ark. 222, 199 S.W.2d 940 (1947).

■■ Applying these established principles to the case at bar, we must conclude that the elements necessary to establish a valid gift are sorely lacking. According to appellee's own testimony, Frances was to receive a monthly stipend, and she retained the authority to demand additional sums at her own pleasure. Therefore, it cannot be said that Frances completely surrendered dominion and control over the money by placing it in appellee's hands. It necessarily follows that she did not unconditionally or irrevocably make an immediate and final gift. At best, the evidence reflects an attempt to make a gift of the remainder upon the contingency of her death. However, a gift *inter vivos* cannot be made to take effect in the future, as such a transaction would only be a promise or an agreement to make a gift. *Krickerberg v. Hoff, supra*; *Neal v. Neal*, 194 Ark. 226, 106 S.W.2d 595 (1937); *Bryant v. Parker*, 188 Ark. 598, 66 S.W.2d 1061 (1934). For these reasons, we hold that appellant is entitled to recover the funds held by appellee, and we reverse the

trial court's contrary decision.

Reversed.

MAYFIELD and NEAL, JJ., agree.